UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
(SACRAMENTO DIVISION)

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE DAIRY SOLUTIONS, INC.; DIVERSIFIED DAIRY SOLUTIONS, LLC; MATTHEW BUDINE; DOUGLAS DEGROFF; LUCIANA JONKMAN; TODD SCHWEGEL; and BRIAN SUNDBERG, <br><br> Defendants. | Case No.  Civ. 07-407 FCD/EFB <br><br> **AMENDED TEMPORARY RESTRAINING ORDER PREVENTING DESTRUCTION OF EVIDENCE AND REQUIRING IMAGING OF ELECTRONIC MEDIA AND ORDER SETTING PRELIMINARY INJUNCTION HEARING** |

Having considered Plaintiffs Cargill, Incorporated and CAN Technologies, Inc.'s (collectively "CARGILL") *Ex Parte* Motion for a Temporary Restraining Order Preventing Destruction of Evidence and Requiring Imaging of Electronic Media, as well as the Brief and Declarations in support of that Motion, and good cause appearing, IT IS HEREBY ORDERED THAT Plaintiffs' Motion is GRANTED.

IT IS THEREFORE ORDERED that Defendants Progressive Dairy Solutions, Inc. ("PROGRESSIVE"), Diversified Dairy Solutions, LLC ("DIVERSIFIED"), Matthew Budine ("BUDINE"), Brian Sundberg ("SUNDBERG"), Luciana Jonkman ("JONKMAN"), Todd Schwegel ("SCHWEGEL"), and Douglas DeGroff ("DEGROFF") and, as applicable, their

1
AMENDED TEMPORARY RESTRAINING ORDER PREVENTING
DESTRUCTION OF EVIDENCE AND REQUIRING IMAGING OF
ELECTRONIC MEDIA, ET AL.

officers, agents, servants, employers, employees, and attorneys, and all of those acting in active concert or participation with any of the above persons or entities, are enjoined from engaging in the following acts:

1. destroying, concealing or disposing of any documents, paper or electronic files, or other materials obtained from or belonging to CARGILL, or containing or derived from CARGILL's trade secrets or confidential or proprietary information;

2. destroying, concealing or disposing of any documents, paper or electronic files, or other materials related to the formation and activities of PROGRESSIVE and DIVERSIFIED;

3. altering, deleting, removing or writing over in any respect any documents, computer files (including, but not limited to, e-mails, hard drives, disc drives, zip drives), data, drafts or other things relating in any way to CARGILL, including information regarding CARGILL's clients, property, or business information, until such time as those materials may be turned over in discovery or until further order of the Court; and

4. altering, deleting, removing or writing over in any respect any documents, computer files (including, but not limited to, e-mails, hard drives, disc drives, zip drives), data, drafts or other things relating to the formation and activities of PROGRESSIVE and DIVERSIFIED until such time as those materials may be turned over in discovery or until further order of the Court.

IT IS FURTHER ORDERED THAT Defendants PROGRESSIVE, DIVERSIFIED, BUDINE, SUNDBERG, JONKMAN, SCHWEGEL, and DEGROFF and, as applicable, their officers, agents, servants, employers, employees, and attorneys, and all of those acting in active concert or participation with any of the above persons or entities are required to make the following items available upon receipt of this order for full-disk forensic imaging and data preservation by Kroll Ontrack, Inc., 90 New Montgomery Street, Suite 315, San Francisco, CA

94105 (415) 577-6481 ("Kroll Ontrack") under the supervision of a United States Marshal, with whom Plaintiffs have arranged for services in this matter:[1]

1. any computer (laptop and/or desktop) and other electronic storage devices, including but not limited to external hard drives, zip drives, memory sticks, jump drives, USB/flashdrive devices, CDs, DVDs, floppy disks, e-mail accounts, Blackberries, other PDAs or cell phones with text messaging or electronic mail capabilities used by any of the named Defendants at CARGILL since August 2006;

2. any computer (laptop and/or desktop) and other electronic storage devices, including but not limited to external hard drives, zip drives, memory sticks, jump drives, USB/flashdrive devices, CDs, DVDs, floppy disks, e-mail accounts, Blackberries, other PDAs or cell phones with text messaging or electronic mail capabilities used by any of the named Defendants other than at CARGILL since August 2006; and

3. any computer (laptop and/or desktop) and other electronic storage devices, including but not limited to external hard drives, zip drives, memory sticks, jump drives, USB/flashdrive devices, CDs, DVDs, floppy disks, e-mail accounts, Blackberries, other PDAs or cell phones with text messaging or electronic mail capabilities used by any of the named Defendants for the business activities of PROGRESSIVE and DIVERSIFIED since August 2006.

Kroll Ontrack shall hold the aforementioned items until further order of this Court.

IT IS FURTHER ORDERED that Defendants PROGRESSIVE, DIVERSIFIED, BUDINE, SUNDBERG, JONKMAN, SCHWEGEL, and DEGROFF and, as applicable, their officers, agents, servants, employers, employees, and attorneys, and all those acting in active concert or participation with any of the above persons or entities make the following items available no later

---

[1] CARGILL may also use LuciData, Inc., 300 Lumber Exchange, 10 South 5th St., Minneapolis, MN, 55402 ("LuciData") or IKON Office Solutions, Inc., 1225 8th Street, Sacramento, CA 95814, (916) 449-6850 ("IKON") to perform the imaging services, but Kroll Ontrack shall serve as the repository of the information and data after the collection.

3
AMENDED TEMPORARY RESTRAINING ORDER PREVENTING DESTRUCTION OF EVIDENCE AND REQUIRING IMAGING OF ELECTRONIC MEDIA, ET AL.

1  than Tuesday, March 6, 2007 for copying and preservation by IKON Office Solutions, Inc., 1225

2  8th Street, Sacramento, CA  95814 (916) 449-6850 ("IKON") under the supervision of a United

3  States Marshal, with whom Plaintiffs have arranged for services in this matter.

4        All documents and things, or other materials obtained from or belonging to CARGILL,

5  containing or derived from CARGILL'S trade secrets or confidential or proprietary information or

6  the formation and activities of PROGRESSIVE and DIVERSIFIED.  IKON shall hold the

7  aforementioned items until further order of this Court.

8        Said orders are made to facilitate the preservation of evidence relevant to this case.

9  Neither CARGILL nor any other party to this action or, as applicable, their officers, agents,

10  servants, employers, employees, and attorneys, and all those acting in active concert or

11  participation with any of the above persons or entities shall have access to the information

12  obtained and held by Kroll Ontrack or IKON, unless further ordered by the Court or obtained in

13  the normal course of discovery.

14        Pursuant to Federal Rule of Civil Procedure 65(c), the Court hereby ORDERS that

15  CARGILL shall provide security in the form of a bond in the amount of $25,000.00.

16        CARGILL is ordered to serve the moving papers and the instant Order on Defendants by

17  5:00 p.m. on Friday, March 2, 2007.  CARGILL is further ordered to serve the instant Order on

18  Kroll Ontrack, IKON, and the United States Marshal for the Eastern District of California by

19  5:00 p.m. on Friday, March 2, 2007.

20        Defendants are ordered to appear on Friday, March 9, 2007 at 10:00 a.m. in Courtroom 2

21  of the above entitled court, and show cause why a preliminary injunction should not issue.

22        Defendants shall serve and file any papers in opposition to the issuance of a preliminary

23  injunction by 5:00 p.m. on Tuesday, March 6, 2007.  Plaintiffs shall file any reply papers by

24  12:00 p.m. on Thursday, March 8, 2007.

25        This Order shall expire at 5:00 p.m. ten days from its issuance unless extended by further

26  order of this Court.

27  /////

28

4

AMENDED TEMPORARY RESTRAINING ORDER PREVENTING
DESTRUCTION OF EVIDENCE AND REQUIRING IMAGING OF
ELECTRONIC MEDIA, ET AL.

1   This Temporary Restraining Order shall take effect immediately and shall remain in effect
2   pending the Show Cause Hearing or further order of the Court.  Because this Temporary
3   Restraining Order was requested and granted *ex parte*, Defendants are hereby informed that they
4   are entitled to apply to this Court for modification and/or dissolution of this Order upon two (2)
5   court days notice.
6   IT IS SO ORDERED.
7   Dated:  March 2, 2007 at 9:45 a.m.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE