# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INC. AND CAN TECHNOLOGIES, INC.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DAIRY SOLUTIONS, INC. et al.,<br><br>                    Defendants. | CASE NO. CV-F-07-0349- LJO-SMS<br><br>**ORDER REGARDING PRESERVATION OF EVIDENCE AND RESTRICTIONS ON USE OF EVIDENCE AND INITIAL DISCOVERY SCHEDULE**<br><br>**ORDER SETTING CASE MANAGEMENT CONFERENCE**<br><br>Date: May 16, 2007<br>Time: 8:45 am<br>Courtroom: 4 (LJO) |

The parties have conferred and agree on the stipulations and orders set forth in a stipulation filed on March 26, 2007 (Doc. 45). The Court, having considered the stipulation, previous filings and submissions to the Court, and the representations by counsel in telephonic conferences with the Court, finds good cause to ORDER as follows:

**I. PRESERVATION AND RESTRICTIONS ON USE OF EVIDENCE**

IT IS HEREBY ORDERED that Plaintiff Cargill Incorporated and CAN Technologies, Inc. ("Cargill"), their various Defendants, and their respective counsel, where indicated, shall conduct themselves as follows:

A.      Defendants and their respective officers, agents, servants, employees, and attorneys, and those

other person in active concert or participation with them may not, as of the date of this Order, do any of the following without prior leave of this Court:

    (1)    destroy, conceal, or dispose of any documents, paper or electronic filings, or other materials obtained or belonging to Cargill, or containing or derived from Cargill's trade secrets or confidential or proprietary information;

    (2)    destroy, conceal, or dispose of any documents, paper or electronic files, or other material related to the formation and other activities relevant to this litigation of Progressive Dairy Solutions, Inc. and/or Diversified Dairy Solutions, LLC;

    (3)    alter, delete, remove, or write over (in any way that destroys or makes inaccessible the original document or file) in any respect any documents, computer files, data, drafts, or other things encompassed by subparagraphs I(A)(1) or I(A)(2) above, un til such time as those materials may be turned over in discovery or until further order of the Court. This does not prevent a Defendant from using an old document to create a new one as long as the old one is preserved in its entirety;

    (4)    using for any purpose certain Cargill confidential information and all derivatives thereof, which Defendants obtained directly from Cargill (as opposed to information and/or derivatives obtained from and/or at the request of a customer after February 1, 2007 or other preexisting, separately known or derived, and/or public source), including, but not limited to: (a) all information contained in Cargill's BILLS system; (b) all information contained in Cargill's OVS system; (c) all of Cargill's cost of goods and pricing information; (d) Cargill Dairy tools, including for example, Cow Comfort Scorecard and Particle Scorer; (e) all information contained in Cargill's MAX syste; and (f) the contents of Cargill's MALL.

B. Plaintiffs and their officers, agents, servants, employees, attorneys, and those other persons in active concert or participation with it may not, as of the date of this Order, do any of the following without prior leave of this Court:

    (1)    destroy, conceal, or dispose of any documents, paper or electronic files, or other materials (a) on Defendants' Cargill computers; (b) in Defendants' Cargill e-mail

accounts; ( c ) in back-ups of Defendants' Cargill computers and/or (d) that Cargill has knowledge of Defendants' taking and/or use, and/or that Cargill contends that Defendants' took or used, to the extent that any of (a)-(d), inclusive, reflect, contain, evidence, represent, and/or otherwise relate in any way to: (I) any trade secret, confidential, and/or otherwise proprietary information that Cargill has contended was taken by the Defendants in this action; and/or (ii) information, materials, and/or things that Cargill contended it owned or otherwise belonged to it, and were taken by the Defendants in this action.  The foregoing shall include, but not be limited to: (a) information contained in Cargill's BILLS system; (b) information contained in Cargill's OVS system; ( c ) Cargill's cost of goods and pricing information; (d) Cargill Dairy tools, including, for example, Cow Comfort Scorecard and Particle Scorer; (e) information contained in Cargill's MAX system; and (f) the contents of Cargill's MALL.

(2) alter, delete, remove or write over (in any way that destroys or makes inaccessible the original document or file) in any respect any documents, computer files, data, drafts, or other things encompassed by subparagraph I(B)(1) above.  This does not prevent Cargill from using an old document to create a new one as long as the old one is preserved in its entirety.

## II. STORAGE OF ELECTRONIC IMAGES AND HARD COPY DOCUMENTS

IT IS FURTHER ORDERED THAT:

A. Kroll OnTrack, Inc. ("Kroll") shall continue to hold the foresnic electronic images that have been taken of Defendants' computers and other electronic devices pursuant to the March 2, 2007 Amended Temporary Restraining Order or this Order, until further order of this Court;

B. Kreig, Keller, Sloan, Reilly & Roman LLP ("The Krieg Keller Law Firm") shall hold and preserve the original paper documents collected by Defendants Progressive Dairy Solutions Inc., Matthew Budine, Brian Sundberg, and Luciana Jonkman, pursuant to the terms of the Court's March 2, 2007 Amended Temporary Restraining Order utnil these documents may be produced in discovery or until further order by this Court.  If any Defendant desires a copy of any collected document, the Krieg Keller Law Firm shall advise all Parties in writing of the Defendant's

request. The parties will then have two (2) days to object to said copying and releas to Defendant. If the parties are unable to resolve the objections, the party requesting a copy shall file a letter brief with the Court;

C. The hard copy documents preserved by Todd Schwegel pursuant to the March 2, 2007 Amended Temporary Restraining Order are to be transferred to and held by Keegin, Harrison, Schoppert, Smith & Karner ("the Keegin Law Firm"), counsel to Mr. Schwegel, until these documents may be produced in discovery or until further order bhy this Court. Mr. Schwegel will not have access to these documents, any copies made will be at the expense of the party requesting such copies. In the event that other defendants make a request for a copy of any document so held, Ms. Wendy Wyse will advise the parties of which documents are being sought for use in business, and the parties will have the same right to object as they have have, as specified herein, with respect to those documents held by the Krieg Keller Law Firm. The Keegin Law Firm also will cooperate with the Krieg Keller Law Firm to facilitate return of the Progressive Dairy Solutions' laptop given to the Keegin Law Firm by Mr. Schwegel.

D. McCormick, Barstow, Seppard, Wayte & Carruth LLP (the "McCormick Firm") shall hold and preserve the original paper documents collected from Defendants Diversified Dairy Solutions LLC, and Douglas DeGroff, pursuant to the terms of the Court's March 2, 2007 Amended Temporary Restraining Order until these documents may be produced in discovery or until further order by this Court. If any Defendant desires a copy of any collected document, the MrCormick firm shall advise all Parties in writing of the Defendant's request. The parties will then have two (2) days to object to said copying and release to Defendant. If the parties are unable to resolve the objections, the party requesting a copy shall file a letter brief with the Court.

**III. RETURN OF CARGILL MATERIALS**

IT IS FURTHER ORDERED THAT:

A. Defendants shall within ten (10) days of entry of this Order, return to Cargill (by delivery to Cargill's counsel) all Cargill materials which Defendants obtained directly from Cargill (as opposed to those obtained from and/or at the request of a customer after February 1, 2007 or

other preexisting, separately known or derived, and/or public source) in the possession of Defendants' and their respective officers, agents, servants, employees, and attorneys, and those other persons in active concert or participation with them, including, but not limited to, materials from (a) Cargill's Dairy College, (b) President's Forum (c) North American Dairy Focus, (d) Cattle Show, (e) Dairy Vision Team, (f) MALL and (g) General Managers meetings, as well as electronic information such as (h) formulas, (i) pricing information, (j) customer information, and (k) nutrient analysis.

B.  Fish and Richardson P.C. ("The Fish Firm") shall hold and preserve any and all original paper documents and/or other things returned from any Defendant pursuant to subsection III(1) above, until those documents and materials may be produced in discovery or until further order by this Court.

C.  Defendants shall within ten (10) business days of entry of this Order, certify in writing to the Court and all parties that any Cargill materials covered by this Order have been returned to Cargill's counsel in compliance with this Order.

**IV.   PRIVILEGED/WORK PRODUCT MATERIALS AND INFORMATION**

The Parties hereby stipulate and agree, and the Court orders, that the foregoing requirements with respect to document preservation, modification, and production shall not apply to materials and information created by, or at the request of, counsel, and/or exchanged with counsel, during the course of this litigation, provided, however, that no party may avoid the foregoing requirements with respect to document preservation, modification, and production simply by sharing such pre-existing information or materials with counsel.

**V.  NO ADMISSION**

The Parties further stipulate and agree, and the Court HEREBY ORDERS, that:

A.  Neither the existence of this stipulated Order, nor any party's compliance with any aspect of it, shall be deemed an admission by any party that any materials and/or information produced, preserved, returned, and/or otherwise maintained in compliance with this Order are trade secret, proprietary, confidential, and/or otherwise owned by any party to this action;

B.  The material allegations of this action are in dispute, and nothing in this Order is to be deemed

a waiver or relinquishment of any party's rights, claims, defenses, and/or contentions in that regard;

C. This Order may not be used and/or referenced for any purpose, whether in this action or otherwise, except: (a) by Kroll, Lucidata, Inc, other vendors that may be agreed upon by the parties, the parties, and their counsel in connection with their respective compliance with it; and (b) in filings with this Court to ensure, or request relief from, compliance with this Order;

D. Except for its entry on this Court's electronic docket, this Order shall not be promulgated by any party or anyone acting in concert with any party, including by its posting on any website.

## VI. INITIAL DISCOVERY SCHEDULE

IT IS FURTHER ORDERED that the discovery in this matter shall proceed on an expedited schedule as set forth below:

(1) By March 27, 2007, Defendants shall identify (1) all personal digital assistants (PDAs) and cellular phones they have used since August 2006 by exact model number and (2) any other electronic device subject to the March 2, 2007 Amended Temporary Restraining Order that have not yet been imaged;

(2) By April 7, 2007, Defendants shall make available to Kroll, Lucidata, Inc., or other vendor agreed upon by the parties for imaging (1) all PDAs and cellular phones they have used since August 2006 and (2) any other electronic device subject to the March 2, 2007 Amended Temporary Restraining Order that has not yet been made available for imaging;

(3) By April 7, 2007, Defendants shall make available to Kroll, Lucidata, or other vendor to be agreed upon by the parties all keys and any other devices necessary to decrypt images of their electronic devices subject to the March 2, 2007 Amended Temporary Restraining Order;

(4) Until such time as further ordered by the Court, Defendants shall, on a quarterly basis, make available to Kroll, Lucidata, Inc., or other vendor agreed upon by the parties for imaging all electronic devices subject to the March 2, 2007 Amended Temporary Restraining Order;

(5) Plaintiffs may serve Requests for Production on Defendants beginning March 27, 2007. This discovery shall take place in two phases; (1) as to those collected hard documents and things, imaged electronic devices, and soon to be imaged electronic devices (see subparagraph VI(2) above) subject to

the Amended Temporary Restraining Order of March 2, 2007 ("Phase 1"); and (2) as to other relevant items that had not yet been collected or produced pursuant to the TRO ("Phase 2").

(6)     By March 30, 2007, the parties shall submit a Stipulated Protective Order governing discovery in this case.  If agreement cannot be reached by March 30, 2007, the parties shall arrange for a conference call with the Court regarding entry of a Protective Order;

(7)     Following service of Plaintiffs' Requests for Production, Defendants shall produce (subject to applicable objections) responsive *hard copy* documents and things that have already been collected pursuant to the Court's March 2, 2007 Amended Temporary Restraining Order within 14 days of service (Phase 1);

(8)     By March 27 , 2007, Plaintiffs will provide a keyword list to Defendants for the purpose of searching the imaged drives and electronic devices which have been collected by Kroll and Lucidata pursuant to the Court's March 2, 2007 Amended Temporary Restraining Order under Phase 1.  The parties will meet and confer in good faith to finalize and agree on the keyword list to be used for the search.  If the parties have not agreed to the keyword list by March 30, 2007, the parties will arrange for a conference call with the Court.  Upon agreement or order as to the keyword list, Kroll or Lucidata will search for and produce electronic copies of the documents culled pursuant to the keyword search by Defendant.  The culled documents by Defendant will then be forwarded to that Defendants' counsel for review and production.  Within thirty (30) days of receipt of the documents from Kroll or Lucidata, Defendants will produce responsive documents to Plaintiff, along with a privilege log if any documents are not produced pursuant to the exercise of a privilege.  This provision does not require an individual Defendant to perform the review step if they choose not to do so.  In such case, the individual Defendant can direct Kroll or Lucidata to produce the documents culled pursuant to the keyword search, directly to Plaintiffs.  This provision does not restrict Plaintiffs from conducting further searches on the same electronic devices based on different keywords or different search parameters pursuant to stipulation or further order of this court;

 (9)     In Phase 2, Defendants shall have 60 days after service of Plaintiffs' Requests for Production to produce (subject to any applicable objections) hard copy and electronic documents and things responsive to Plaintiffs' Requests For Production which have not already been collected pursuant to the Court's

1  March 2, 2007 Amended Temporary Restraining Order; and

2  (10)    By March 27, 2007, Defendants shall identify all e-mail addresses and aliases they have used since August 2006.  Cargill may then immediately subpoena the third parties associated with these e-mail addresses and aliases for any and all records associated with Defendants' email addresses and aliases.  These third-parties shall be directed to produce the requested documents directly to the applicable Defendants' counsel, with no copies to Cargill.  Within 14 days of production to Defendants' counsel, Defendants shall, subject to applicable objections, produce to Plaintiffs such documents that are responsive to Cargill's Requests for Production to Defendants.  Defendants will not be authorized to extend the subpoena production date.

**VII.  CASE MANAGEMENT CONFERENCE**

IT IS FURTHER ORDERED that a case management conference shall be set for May 16, 2007 at 8:45 am.  Counsel shall prepare and file a Joint Conference statement five (5) days before the scheduled case management conference.   The Joint Conference statement should be emailed to ljoorders@caed.uscourts.gov and shall be in WordPerfect format. Counsel may appear at the hearing by arranging a one- line conference call and telephoning the Court at (559) 499-5680.

IT IS SO ORDERED.

**Dated:    March 27, 2007**                               **/s/ Lawrence J. O'Neill**
b9ed48                                                              UNITED STATES DISTRICT JUDGE