David J. Miclean (CSB# 115098/miclean@fr.com)
Katherine D. Prescott (CSB# 215496/prescott@fr.com)
Erin O. Dungan (CSB# 227090/dungan@fr.com)
Enrique D. Duarte (CSB# 247523/duarte@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiffs
CARGILL INCORPORATED and CAN TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE DAIRY SOLUTIONS, INC.; DIVERSIFIED DAIRY SOLUTIONS, LLC; MATTHEW BUDINE; DOUGLAS DEGROFF; LUCIANA JONKMAN; and BRIAN SUNDBERG <br><br> Defendants. | Case No. 1: 07 CV 0349 LJO/SMS <br><br> **STIPULATED PROTECTIVE ORDER** |

   In light of the parties' expectation that discovery in this matter will involve the disclosure of confidential information, and good cause appearing, the Court hereby enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26:

   1.    All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, which contain or comprise a trade secret or other confidential technical, development or commercial information ("Discovery Material") produced or served either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2.    Discovery Material produced or provided by any party or non-party as part of discovery in this action may be designated by such party or non-party, or by any other party (the "Designating Party") as "Confidential Information."  As a general guideline, materials designated "Confidential Information" shall be those things of a confidential, proprietary, or commercially-sensitive nature, including but not limited to trade secrets.  Absent a specific order by this Court, and subject to the limited exception set forth in Paragraph 8, Discovery Material designated as "Confidential Information" shall be used by the persons or entities to whom it is disclosed solely for purposes of this action.  Confidential Information shall not be used for any business, patent prosecution, competitive or governmental purpose or function, and such Discovery Material shall not be disclosed to anyone except as provided in this Protective Order.

3.    Except as expressly provided in Paragraph 8, Discovery Material designated "Confidential Information" pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons:

(a) Outside counsel for the parties in this action, and persons working solely in secretarial, clerical and paralegal capacities and who are assisting those attorneys in this action;

(b) the parties;

(c) court reporters and other qualified persons transcribing or recording testimony involving such documents or information, including any administrative and clerical personnel thereof;

(d) those consultants or technical experts and their staffs to the extent approved by the parties pursuant to paragraph 7 of the Protective Order;

(e) the Court, the jury, and the Court's staff;

(f) any person approved by the Designating Party pursuant to Paragraph 7 of the Protective Order or otherwise ordered by the Court;

(g) graphics, translation, design and/or trial consulting services; and

(h) mock jurors retained by a party.

1   However, the persons identified in subsections (d), (f) and (g) of this Paragraph shall not be
2   permitted access to materials or information designated "Confidential Information" unless and until
3   they sign a copy of the acknowledgment form annexed hereto as Exhibit A acknowledging that they
4   have read this Protective Order and agree to be bound by its terms.  Outside counsel of record shall
5   retain copies of all executed acknowledgments.

6           4.      Certain Discovery Material may be designated by a party or non-party as "Highly
7   Confidential Information."  This "Highly Confidential Information" designation shall be limited to
8   such Discovery Material that the Designating Party believes, in good faith, contains information, the
9   disclosure of which is likely to cause significant harm to the competitive position of the Designating
10  Party.  All the provisions set forth in this Protective Order that apply to "Confidential Information"
11  also apply to materials designated "Highly Confidential Information."  No information or materials
12  on which the Receiving Party or a current employee of the Receiving Party was a signatory, author,
13  addressee, or recipient may be designated "Highly Confidential Information."

14          5.      Except as expressly provided in Paragraph 8, Discovery Material designated "Highly
15  Confidential Information" may only be disclosed to the persons identified in subsections (a), (c), (e)
16  and (h) of Paragraph 3 of this Protective Order.  Such Highly Confidential Information may also be
17  disclosed to Cargill in-house counsel Chris Putnam and Scott Piering, subject to the provisions of
18  Paragraph 6.  In addition, Highly Confidential Information describing Progressive's dairy feed
19  formulations may be disclosed to Cargill employees John Griffin and Brian Strang, subject to the
20  provisions of Paragraph 6, but no other Highly Confidential Information may be disclosed to Mr.
21  Griffin or Mr. Strang.  The persons identified in subsections (d), (f) and (g) of Paragraph 3 shall not
22  be permitted access to materials or information designated "Highly Confidential Information"
23  unless and until they sign a copy of the acknowledgment form annexed hereto as Exhibit A
24  acknowledging that they have read this Protective Order and agree to be bound by its terms.
25  Outside counsel of record shall retain copies of all executed acknowledgments.  Furthermore,
26  disclosure to persons described in Paragraphs 3(d) and (f) must be made pursuant to the procedures
27  set forth in Paragraph 7, and only after such persons have signed a copy of the acknowledgment
28  form annexed hereto as Exhibit A.

6. If Cargill wishes to disclose specific Highly Confidential Information to Cargill employees John Griffin and/or Mr. Strang, Cargill must first provide the Progressive Defendants with notice of the specific information to which those individuals will be given access. To the extent that Highly Confidential Information is disclosed to Cargill in-house counsel Chris Putnam and Scott Piering or to Cargill employees John Griffin and Brian Strang pursuant to this Protective Order, those individuals are prohibited from making copies or otherwise duplicating any materials designated "Highly Confidential" or portions thereof except that each individual may print for their own use one copy of any documents produced electronically. When not in use, these individuals shall maintain any hard copies of materials designated "Highly Confidential" in a secure location, for example a locked cabinet or office, to which only such individuals may have access, and shall take any necessary precautions to ensure that such materials are not disclosed to anyone or in any manner not expressly identified in this Protective Order. These individuals shall maintain Highly Confidential Information disclosed to them in electronic or digital format and any notes or other information in electronic or digital format concerning such information on a personal storage device and not any computer or storage device owned or maintained by Cargill. In addition, Mr. Griffin shall not be involved in developing or modifying dairy ration formulas or values of programs for formulating dairy feed on behalf of Cargill at any time from or after the date highly confidential information is first disclosed to him. If any of these specifically named individuals cease working for Cargill in their current capacities, Cargill may seek to replace that individual by providing the Progressive Defendants (Progressive Dairy Solutions, Inc., Matthew Budine, Luciana Jonkman and Brian Sundberg) with the name and job description of the proposed replacement. The Progressive Defendants shall have five (5) business days to respond whether the proposed replacement is acceptable. If the parties cannot agree on a replacement, the parties shall file a Joint Statement re Discovery Disagreement pursuant to L.R. 37-251 on this issue. Prior to receiving any "Highly Confidential Information," the individuals identified in this Paragraph, as well as any replacement designated and approved pursuant to this Paragraph, shall execute a copy of the acknowledgment form annexed hereto as Exhibit A acknowledging that they have read this Protective Order and agree to be bound by its terms.

4

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. CV S-07-0349 LJO/SMS

1    7. The procedure for providing information designated "Confidential Information" or
2 "Highly Confidential Information" to the persons described in Paragraphs 3(d) and (f) with respect
3 to all categories of confidential information, shall be as follows:
4          (a) The party seeking to disclose such information shall, before such disclosure,
5 provide by facsimile or e-mail to the Designating Party:
6              (1) The name of the person;
7              (2) The present employer and title of the person;
8              (3) A copy of the acknowledgment form annexed hereto as Exhibit A
9                  signed by the person;
10             (4) For experts and consultants, a current resume and a list of general
11                 business descriptions of all companies for which the individual has
12                 consulted during the last four (4) years; and
13             (5) For party employees, a detailed description of their job
14                 responsibilities.
15         (b) Within three (3) business days of receipt of the information and written
16 acknowledgment described in subparagraph 7(a), the Designating Party may object to the disclosure
17 of "Confidential Information" or "Highly Confidential Information" to the proposed recipient by
18 serving a written objection by either facsimile or e-mail.  Within 14 calendar days from service of
19 the written objection, the parties shall both (i) meet and confer telephonically to try to resolve the
20 objection and (ii) if the parties are unable to resolve the objection, file a Joint Statement re
21 Discovery Disagreement pursuant to L.R. 37-251.  Any such statement must describe the
22 circumstances with specificity, set forth in detail the reasons for which the disclosure to the
23 proposed individual is reasonably necessary, assess the risk of harm that the disclosure would entail
24 and suggest any additional means that might be used to reduce that risk.  In any such proceeding the
25 Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure
26 would entail (under the safeguards proposed) outweighs the moving Party's need to disclose the
27 "Confidential Information" or "Highly Confidential Information" to the proposed individual.
28 Unless otherwise directed by the Court such motions shall be heard telephonically on the earliest

1  date available.  Pending a ruling by the Court upon any such motion, the designated Discovery

2  Material shall not be disclosed to the person objected to by the Designating Party.

3         8.  Notwithstanding the foregoing Paragraphs, Cargill may seek permission to disclose

4  certain "Confidential Information" and "Highly Confidential Information" to its outside counsel in

5  *Burford v. Cargill, Inc.,* C.A. No. 05-0283 (W.D.La.) ("the Burford Action"), and persons working

6  solely in secretarial, clerical and paralegal capacities and who are assisting Cargill's outside counsel

7  in the Burford Action, for use in that action only.  The procedure for providing information

8  designated "Confidential Information" or "Highly Confidential Information" for use by Cargill's

9  outside counsel in the Burford Action shall be as follows:

10         (a)  Cargill shall designate in writing what documents, testimony, and/or other

11  information it believes is/are relevant to the Burford Action and shall provide that designation to the

12  Designating Party and to the Progressive Defendants;

13         (b)  Within seven (7) calendar days of receipt of Cargill's identification of

14  information it believes is relevant to the Burford Action, the Designating Party and/or the

15  Progressive Defendants may object by facsimile or e-mail to the disclosure of "Confidential

16  Information" or "Highly Confidential Information" to Cargill's outside counsel in the Burford

17  Action.  Within 14 calendar days from service of the written objection, the parties shall both (i)

18  meet and confer telephonically to try to resolve the objection and (ii) if the parties are unable to

19  resolve the objection, file a Joint Statement re Discovery Disagreement pursuant to L.R. 37-251.

20  Any such motion must describe the need for disclosure and use of the designated materials,

21  including the relevance of the materials to the Burford Action.  In any such proceeding, Cargill shall

22  bear the burden of demonstrating that the identified materials are relevant to the Burford Action.

23  Unless otherwise directed by the Court such motions shall be heard telephonically on the earliest

24  date available.  Absent a Court order granting such a request or an agreement by the parties

25  pursuant to this Paragraph, Cargill shall not disclose any "Confidential Information" or "Highly

26  Confidential Information" to its outside counsel in the Burford Action.  To the extent that Cargill is

27  permitted to disclose "Confidential Information" or "Highly Confidential Information" to its outside

28  counsel in the Burford Action pursuant to this Paragraph, it shall only do so once its outside counsel

1  in the Burford Action have executed a copy of the acknowledgment form annexed hereto as Exhibit
2  A acknowledging that they have read this Protective Order and agree to be bound by its terms.
3       9.     Any party or non-party wishing to invoke the provisions of this Protective Order
4  shall designate the Discovery Material, or portions thereof, which he, she or it considers
5  confidential at the time such information is disclosed, or as soon thereafter as the person or entity
6  seeking protection becomes aware of the nature of the information or materials disclosed and sought
7  to be protected.  With respect to physical Discovery Material, the items produced must be marked
8  or stamped "Confidential Information" or "Highly Confidential Information," on all pages where
9  appropriate, by the producing party or non-party.  In the case of Discovery Material stored on
10  electronic media, the items produced shall be clearly marked or stamped on the media if possible.
11       10.     Parties or testifying persons may designate depositions and other testimony as
12  "Confidential Information" or "Highly Confidential Information" by either indicating the
13  designation on the record at the time the testimony is given or by sending written notice that the
14  testimony is designated within ten (10) business days of receipt of the transcript of the testimony.
15  All information disclosed during a deposition shall be treated as "Highly Confidential Information"
16  until the time within which it may be designated as Confidential or Highly Confidential Information
17  has passed.
18       11.     To the extent that any Confidential Information or Highly Confidential Information
19  is used in the taking of a deposition, all such Discovery Material shall remain subject to the
20  provisions of this Protective Order.  If Confidential Information or Highly Confidential Information
21  is used in any deposition, the reporter shall be informed of this Protective Order.  In the event the
22  deposition is recorded in video format, the original and all copies of the video shall be marked by
23  the video technician to indicate that the video contains Confidential or Highly Confidential
24  Information subject to this Protective Order.
25       12.     Any Discovery Material that has been designated as "Confidential Information" or
26  "Highly Confidential Information" that is included with or the contents of which are in any way
27  disclosed in any pleading, motion, deposition transcript, or other papers filed with the Clerk of the
28  Court shall be filed under seal in accordance with Local Rule 39-141.

13. Where a discovery request or interrogatory to a party calls for otherwise discoverable information, and that party has an obligation to another person or entity to maintain the confidentiality of such information, the party to whom the discovery request or interrogatory is directed shall promptly:

    (a) identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, and

    (b) provide to each such person whose confidentiality interests are implicated:

        (1) notice of the request for disclosure of the materials or information held under obligations of confidentiality; and

        (2) a copy of this Protective Order.

Nothing in this Protective Order obligates or requires a party to produce such information or material in violation of its obligations to third parties.

14. Any individual, such as a deposition witness, trial witness, or potential witness may be shown designated materials by an attorney bound by this Protective Order in the following conditions:

    (a) if the individual is identified as a signatory, author, addressee or recipient of a copy;

    (b) if the individual is a current officer, director, or employee of a party and the document has been designated as Confidential or Highly Confidential Information by that party;

    (c) if the individual is a witness designated by a party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the document has been designated as Confidential or Highly Confidential Information by that party;

    (d) if the individual is a testifying expert for a party and has complied with the provisions of Paragraph 6 hereto; or

    (e) if foundational questioning establishes that the individual previously had possession of or had previously reviewed such materials.

A party may use its own Confidential Information or Highly Confidential Information to examine or cross-examine any trial or deposition witness.

15. A party or non-party providing documents or information that inadvertently fails to properly designate an item pursuant to this Protective Order may re-designate documents and information within a reasonable time after becoming aware of the improper designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. The party receiving the substitute copies shall take reasonable efforts to return or destroy the previous unmarked items and all copies thereof promptly.

16. If at any time during the pendency or trial of this action, counsel for any party claims that Discovery Material is not appropriately designated, objecting counsel may serve a notice of objection on all parties and other affected persons, identifying with particularity the Discovery Material as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. Within seven (7) calendar days of receiving such notice, the Designating Party shall respond in writing served by facsimile or e-mail, and either agree to the new designation proposed by the objecting party or explain why the designation should not be changed. If the Designating Party and the objecting party cannot resolve the dispute through telephonic meet and confer discussions, the objecting party may move for an order from the Court for redesignation. The Designating Party shall have the burden to justify the original designation. The original designation shall remain effective until agreement by the parties or entry of an order redesignating the materials.

17. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party, and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information. Each individual who receives Discovery Material pursuant to this Protective Order hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Protective Order.

1      18.     Inadvertent production of Discovery Material subject to the attorney-client privilege
2  or attorney work-product protection will not automatically waive the attorney-client privilege or
3  attorney work-product protection.  Upon a timely request from a party which has inadvertently
4  produced Discovery Material which it believes should be subject to the attorney-client privilege or
5  work-product privilege, each person receiving said Discovery Material shall immediately destroy or
6  return all copies of such material.

7      19.     Nothing in this Stipulated Protective Order limits or expands the right of a Party to
8  seek to introduce Discovery Material designated pursuant to this Protective Order into evidence at
9  trial, or to use it at trial for any other lawful purpose, including impeachment.  The Court may apply
10 restrictions, if it deems appropriate, on the use of such Discovery Material introduced into evidence
11 at trial, and on public access to such Discovery Material.  Any Party seeking such a restriction,
12 including but not limited to an order closing the courtroom and excluding members of the public,
13 must file an appropriate motion, unless that Court determines that such an order is unnecessary, or
14 the confidentiality of such information has been removed by agreement of the Designating Party or
15 by a Court.

16     20.     The terms of this Protective Order shall apply to all manner and means of discovery,
17 including entry onto land or premises and inspection of books, records, documents, tangible things,
18 and electronic data.

19     21.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a
20 designation under this Protective Order shall not be admissible for any purpose, nor shall the
21 designation or acceptance of any information designated pursuant to this Protective Order constitute
22 an admission or acknowledgment that the material so designated is in fact proprietary, confidential,
23 or a trade secret.

24     22.     Upon termination, settlement or final judgment including exhaustion of all appeals of
25 this action, the originals and all copies of Confidential Information or Highly Confidential
26 Information shall be either destroyed or turned over to the party or non-party who produced such
27 material, or to their respective counsel, within thirty (30) days; except that, in the case of the four
28 individuals identified in Paragraph 6, or any subsequent replacement(s) for such individuals, any

Highly Confidential Information disclosed to such individuals shall be turned over to Cargill's outside counsel within thirty (30) days for return or destruction, and Cargill's outside counsel must return or certify destruction of such Highly Confidential Information to counsel for the Progressive Defendants within fourteen (14) days of receipt.  In addition, if Cargill discloses any "Confidential Information" or "Highly Confidential Information" to its outside counsel in the Burford Action pursuant to Paragraph 8, such outside counsel may retain those materials received pursuant to paragraph 8 until thirty (30) days after termination, settlement or final judgment including exhaustion of all appeals of the Burford Action, at which time the originals and all copies of Confidential or Highly Confidential Information shall be either destroyed or turned over to the party or non-party who produced such material, or to their respective counsel.  Additionally, counsel for the parties, including in-house counsel, may retain pleadings, attorney and consultant work product, and depositions for archival purposes; except that, in-house counsel may not retain any materials containing the Highly Confidential Information of the Progressive Defendants, including any materials produced by third parties that have been designated Highly Confidential by the Progressive Defendants.  If Confidential Information or Highly Confidential Information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification confirming that the destruction was performed.

23. If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to each Designating Party and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials.  If a Designating Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the subpoena is directed may produce such Discovery Material in response thereto.

24. The terms of this Protective Order shall survive termination of this action.

25. This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its terms.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. CV S-07-0349 LJO/SMS

26.     Nothing in this Protective Order shall bar counsel from rendering advice to their client on any matter, including without limitation this litigation and the Burford action, and, in the course thereof, relying upon any Confidential Information or Highly Confidential Information, provided counsel does not disclose Confidential Information or Highly Confidential Information in a manner not specifically authorized under this Protective Order.

**EXHIBIT A – ACKNOWLEDGMENT FORM**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE DAIRY SOLUTIONS, INC.; DIVERSIFIED DAIRY SOLUTIONS, LLC; MATTHEW BUDINE; DOUGLAS DEGROFF; LUCIANA JONKMAN; TODD SCHWEGEL; and BRIAN SUNDBERG,<br><br>Defendants. | Case No. CV S-07-0349 LJO/SMS<br><br><br>**ACKNOWLEDGMENT FORM FOR STIPULATED PROTECTIVE ORDER** |

I, _____, state that:

My business address is _____

_____.

My present employer(s) and job description(s) are _____

_____.

My relationship to the parties to this action is as follows: _____

_____.

I have read, reviewed, and understand in its entirety the Stipulated Protective Order ("Protective Order") entered on _____ for this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order.  I agree not to disseminate or disclose any information subject to the Protective Order that I review, or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of the Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of the Protective Order.

Signature : _____

Name: _____

Dated: _____

| | |
|---|---|
| Dated: _____, 2007 | FISH & RICHARDSON P.C. |
| | By: _____ |
| | David J. Miclean |
| | Attorneys for Plaintiffs<br>CARGILL INCORPORATED and CAN TECHNOLOGIES INC. |
| Dated: _____, 2007 | KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP |
| | By: _____ |
| | Kenneth E. Keller |
| | Attorneys for Defendants<br>PROGRESSIVE DAIRY SOLUTIONS, INC., MATTHEW BUDINE, LUCIANA JONKMAN and BRIAN SUNDBERG |
| Dated: _____, 2007 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| | By: _____ |
| | Gregory S. Mason |
| | Attorneys for Defendants DOUGLAS DeGROFF and DIVERSIFIED DAIRY SOLUTIONS, LLC |

IT IS SO ORDERED

Dated:  1 November 2007               /s/ *Dennis L. Beck*
                                   U.S. Magistrate Judge

15

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. CV S-07-0349 LJO/SMS