# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>MATTHEW BUDINE, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER REGARDING SEALED DOCUMENTS** |

Pursuant to this Court's Protective Order (Doc. 143, November 1, 2007), the parties filed their memoranda, statements of undisputed facts, affidavits and most exhibits under seal. (Docs. 182-184, 205-252, 259-261, and 268). This Court's Protective Order includes the following provision:

> 12. Any Discovery Material that has been designated as "Confidential Information" or "Highly Confidential Information" that is included with or the contents of which are in any way disclosed in any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed under seal in accordance with Local Rule 39-141.

Having reviewed the documents designated by counsel as "Confidential" and "Highly Confidential," the Court revisits this provision.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The party seeking to seal a judicial record pertaining to dispositive motions bears the burden to overcome this right. *Id.* "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 1178-79 (9th Cir. 2006).

The party seeking to seal documents must "articulate compelling reasons supported by specific

factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79(internal citations and quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes, such s the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, the parties provided no reason why this Court should seal the documents. Instead, the documents were sealed based on the parties' own confidential designation. The parties' confidential designations alone are not enough to outweigh the public's right to access. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Accordingly, **this Court ORDERS the parties to show compelling reasons, no later than June 10, 2008, why this Court should not order the sealed documents to be unsealed**(Docs. 182-184, 205-252, 259-261, and 268).[1]

IT IS SO ORDERED.

**Dated:   May 29, 2008**               /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

---

[1] This Court will not order unsealed the Confidential Settlement Agreements between Cargill and Mr. DeGroff and Mr. Schwegel, filed in Marderosian's Declaration in Opposition to the Motion for Summary Judgment, Exs. 18 and 19).

2