1
2
3

**IN THE UNITED STATES DISTRICT COURT**

4

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

5
6

CARGILL INC. AND CAN                          CASE NO. CV-F-07-0349- LJO-SMS
TECHNOLOGIES, INC.,

7
                    Plaintiffs,              **AMENDMENT TO ORDER ON CARGILL'S**
8                                            **MOTION   FOR   SUMMARY   JUDGMENT   ON**
                                             **CERTAIN COUNTERCLAIMS**   (Doc. 275)
9
10                  vs.
11

PROGRESSIVE DAIRY
SOLUTIONS, INC. *et al.*,

12
                    Defendants.
13    _____/
14
and related counterclaims.
15
      _____/
16

       The Conclusion and Order to this Court's Order on Cargill's Motion for Summary Judgment on

17

Certain Counterclaims (Doc. 275, May 29, 2008) is **AMENDED** to read as follows:

18

**V. Conclusion and Order**

19

       For the foregoing reasons, this Court:

20

       1.       GRANTS in full Cargill's motion for summary judgment on the following Progressive

21

                counterclaims:

22

                (a) Latham Act Section 43(a), 15 U.S.C. 1125(a) claim (count 1);

23

                (b) False Advertising, Cal. Bus. & Prof. Code §17500 (count 9);

24

                (c) fraud (count 13);

25

                (d) unjust enrichment (count 18).  Although this cause of action fails as a matter of law,

26

                Progressive is entitled to restitution to the extent it proves restitutionary damages on any

27

                prevailing claims.; and

28

1

(e) civil conspiracy (count 19).  Although this cause of action fails as a matter of law, Progressive is entitled to recover damages from bo th joint-tortfeasors, if any, to the extent that Progressive proves the elements of a civil conspiracy and damages.; and

2.      GRANTS in part and DENIES in part, consistent with this opinion, Cargill's motion for summary judgment on the following Progressive counterclaims:

(a) common law unfair competition (count 2).  Summary judgment is denied to the extent that Progressive raises a triable issue of fact related to Cargill's misappropriation of Progressive's premix.;

(b) Statutory Unfair Competition, Cal. Bus. & Prof Code 17200 (count 3).  Summary judgment is denied to the extent that Progressive raised issues of fact concerning Cargill's alleged unlawful and unfair business practices not protected by the litigation privilege.;

(c) Unfair Trade Practices, Cal. Bus. & Prof. Code 17000, *et seq*. (count 8).  Summary judgment is denied to the extent that Progressive has admissible evidence to support a claim not related to its below-cost pricing allegations.;

(d) defamation/commercial disparagement (count 10).  Summary judgment is denied to the extent that Progressive raises triable issues of fact related to the three statements identified in this opinion as having unresolved questions of fact (*infra*, pp. 17-18).;

(e) intentional interference with contractual relations (count 11).  Summary judgment is denied to the extent that Progressive raises a triable issue of fact related to Tony Vitoria, Richie Heida, Hank Van Excel, RV Dairy, and Standard Cattle Co.; and

(f) intentional interference with prospective business relations (count 12).  Summary judgment is denied to the extent that Progressive raises triable issues of fact raised in its Interrogatory Response, identifying Richie Heida, Bryan Kamper, and Marty Poldervaart as people upon which this cause of action is based.

IT IS SO ORDERED.

Dated:   **May 30, 2008**                         **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

2