# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL, INCORPORATED and CAN TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW BUDINE, LUCIANA JONKMAN, PROGRESSIVE DAIRY SOLUTIONS, INC., and BRIAN SUNDBERG,<br><br>Defendants._____/ | CASE NO. CV F 07-0349 LJO DLB<br><br>**ORDER ON STIPULATION TO MODIFY PROTECTIVE ORDER** (Doc. 279) |

On June 3, 2008, all parties stipulated to modify this Court's Protective Order, dated November 1, 2007 in the following ways:

1. Forty-Five (45) days before trial, all documents identified on the Joint Pretrial Statement, regardless of whether designated as a Confidential Information or Highly Confidential Information pursuant to the November 1, 2007, Protective Order, may be reviewed by parties to this action subject to the following terms and conditions:

   a. Unless otherwise provided for by the November 1, 2007, Protective Order (*e.g.*, as in Paragraphs 5 and 8), if a document identified on the Joint Pretrial Statement is designated as Highly Confidential Information, it may only be reviewed by a party in the presence of counsel of record in this

1  matter. Unless otherwise provided for by the November 1, 2007, Protective Order (*e.g.*, as in Paragraphs
2  5 and 8), any and all such Highly Confidential documents shall remain in the possession of counsel at all
3  times. Unless otherwise provided for by the November 1, 2007, Protective Order (*e.g.*, as in Paragraphs
4  5 and 8), these Highly Confidential documents shall not be copied, replicated, duplicated, or otherwise
5  transmitted to or for any individual that is not counsel of record in this matter.

6        b.      Counsel of record shall retain control of all documents so that they are not used
7  for any improper purpose. In this regard, the purpose of this amendment to the Protective Order is trial
8  preparation and for use at trial. The documents identified in the Joint Pretrial Statement and the
9  information disclosed therein shall not be used for any improper purpose or any purpose other than
10 furtherance of this litigation. These documents shall not be published in any manner or for any purpose.

11        c.      Unless otherwise provided for in the Protective Order (*e.g.*, as in Paragraphs 5 and
12 8), no Highly Confidential documents will be shown to any party or party representative that is not
13 identified as a witness on the Joint Pretrial Statement.

14        d.      Nothing contained herein shall modify the obligations or rights of the parties under
15 the Protective Order as to any individual identified pursuant to paragraph 3(d) or 3(f) of the Protective
16 Order.

17     2.     Forty-Five (45) days before trial, all portions of all deposition transcripts, regardless of
18 whether designated as Confidential Information or Highly Confidential Information pursuant to the
19 November 1, 2007, Protective Order, may be reviewed by parties to this action subject to the following
20 terms and conditions:

21        a.      Unless otherwise provided for in the Protective Order (*e.g.*, as in Paragraphs 5 and
22 8), any and all depositions (or portions thereof) designated as Highly Confidential may only be reviewed
23 by any party in the presence of counsel of record in this matter. Unless otherwise provided for in the
24 Protective Order (*e.g.*, as in Paragraphs 5 and 8), all Highly Confidential portions of deposition transcripts
25 shall remain in the possession of counsel of record at all times. Unless otherwise provided for in the
26 Protective Order (*e.g.*, as in Paragraphs 5 and 8), Highly Confidential portions of deposition transcripts
27 shall not be copied, replicated, duplicated, or otherwise transmitted to or for any individual that is not
28 counsel of record in this matter.

1         b.     Counsel of record shall retain control of all portions of deposition transcripts designated as Highly Confidential so that they are used for any improper purpose. In this regard, the purpose of this amendment to the Protective Order is trial preparation and for use at trial. The documents identified in the Joint Pretrial Statement and the information disclosed therein shall not be used for any improper purpose or any purpose other than furtherance of this litigation. These documents shall not be published in any manner or for any purpose.

        c.     Unless otherwise provided for in the Protective Order (*e.g.*, as in Paragraphs 5 and 8), no Highly Confidential portion of a deposition will be shown to any party or party representative that is not identified as a witness on the Joint Pretrial Statement.

        d.     Nothing contained herein shall modify the obligations or rights of the parties under the Protective Order as to any individual identified pursuant to paragraph 3(d) or 3(f) of the Protective Order.

### CONCLUSION AND ORDER

This Court APPROVES the parties' stipulation described above. The Court's approval of this stipulation does **NOT** negate the parties' obligation to demonstrate compelling reasons, no later than June 10, 2008, why this Court should not order unsealed the sealed documents on this Court's docket, pursuant to this Court's Order Regarding Sealed Documents (Doc. 276).

IT IS SO ORDERED.

**Dated:     June 3, 2008**                              **/s/ Lawrence J. O'Neill**
                                                                            UNITED STATES DISTRICT JUDGE