IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>                Plaintiffs,<br><br>vs.<br><br>MATTHEW BUDINE, et al.,<br>                Defendants.<br>_____/ | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER REGARDING TRIAL SUBPOENA DISPUTES** |

At the regularly scheduled June 6, 2008 Pretrial Conference, the parties sought guidance on a dispute regarding the trial subpoenas of 11 witnesses named on Defendants Matthew Budine, Luciana Jonkman, Brian Sundberg, and Progressive Dairy Solutions, Incorporated (collectively "Progressive's") trial witness list. Accordingly, the Court ordered each party to fax a letter brief in support its position to this Court no later than June 9, 2008 at noon. (Pretrial Order, Doc. 285, 61:14-19). The Court received and reviewed the fax letter briefs submitted by Defendants and Plaintiffs Cargill, Incorporated and CAN Technologies ("Cargill"), and issues the following order.

**Background**

All of the 11 witnesses subject to this dispute are Cargill employees. Four of those witnesses, Todd Hall, Chuck Warta, Russell Reicken, and Robert Sheffer live outside of California. The remaining seven witnesses, Robert Shubert, Janice McCord, Mike Watson, Mike Oliviera, Joey Van Vliet, Steve Hays, and Patrick Bivens reside in California. Specifically, the seven Cargill employees live in the Modesto/Turlock area of California.

**California-Resident Cargill Employees**

The Cargill employees who reside in the Modesto/Turlock, California area are subject to a subpoena issued by this Court. Pursuant to Fed. R. Civ. P. 45(b)(2)(A), a subpoena may be served at any place within the district of the issuing court. Both Modesto, California and Turlock, California are

within the Eastern District of California.[1]  Additionally, pursuant to Fed. R. Civ. P. 45(b)(2)(C), a subpoena may issue within the state of the issuing Court, if a state statute so allows.  The applicable California provision, California Civil Procedure Code §1989, allows service of a subpoena to any resident of California for purposes of trial testimony.  Accordingly, Progressive may serve subpoenas to Cargill employees who reside within the state of California and/or the Eastern District of California.

Cargill argues that because the Cargill employees live more than 100 miles from this Court, Progressive must demonstrate "substantial need" for the appearance of each witness, and the Court must devise an appropriate accommodation to protect the interests of the witness.  However, Cargill's argument is misplaced.  A Court is required to quash or modify a subpoena requiring a person who is neither a party nor a party's officer to travel more than 100 miles, "*except* that the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held."  Fed. R. Civ. P. 45(3)(A)(ii) (emphasis added).  Here, the exception applies because, although the California-resident Cargill employees may be required to travel more than 100 miles to this Court, they are traveling within the state of California.  Therefore, this Court is not required to quash or modify a subpoena, if any, Progressive serves on the California-resident Cargill employees.

A Court *may*, on motion, quash or modify the subpoena, if it requires a person who is "neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial."  Fed. R. Civ. P. 45(c)(3)(B)(iii)(emphasis added).  Cargill assumes that the witnesses will incur substantial expense to travel from Modesto or Turlock to Fresno, California; however, Cargill provides no evidence that the witnesses will incur substantial expense.  Thus, this provision is inapplicable.  Moreover, this provision is discretionary, and only to be considered on motion.  Cargill has not moved for a protective order.  Accordingly, Progressive need not prove "substantial need" before a subpoena may be properly served on the California-resident Cargill employees.  As discussed more fully above, Progressive may serve subpoenas to California-resident Cargill employees.

**Four Out-of-State Witnesses**

Cargill avers that it will review the list of requested witnesses and advise Progressive, no later

---

[1] For a map of the Eastern District of California, see http://www.caed.uscourts.gov/caed/StaticOther/page_466.htm

that June 23, 2008, which witnesses Cargill will bring voluntarily without the need of serving a subpoena. Cargill commits further that it will meet and confer with Progressive regarding any witnesses on the list it does not intend to bring to this Court voluntarily to determine if an agreement can be reached as to those remaining witnesses. Progressive submits that June 23, 2008 is too close to the scheduled July 28, 2008 trial date, and will not provide adequate time to prepare and to organize witness appearances.

The Court finds that a meet and confer between the parties may resolve the issues related to the four out-of-state witnesses. For example, Cargill presently intends to call Todd Hall in its case-in-chief. If Cargill commits to bring voluntarily Mr. Hall as a witness, Progressive's subpoena issue as to Mr. Hall will be resolved without the need for an order by this Court.

Moreover, Progressive cites no authority for its position that this Court should compel out-of-state witnesses to attend trial. Progressive relies on personal jurisdiction authority; however "[j]urisdictional analysis is inappropriate for analyzing Rule 45 because it responds to an entirely different set of concerns." *Regents of University of California v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996). Therefore, the parties shall discuss this issue at the June 23, 2008 meeting. If the parties fail to reach an agreement, a party may raise an appropriate motion, supported by points and authorities.

**Conclusion and Order**

For the foregoing reasons, this Court:

1. RULES that Progressive may call to testify by trial subpoena, if necessary, California-resident Cargill employees identified on Progressive's trial witness list. This ruling applies if Progressive chooses to serve a trial subpoena, and requires proper service.; and

2. ORDERS the parties, no later than June 23, 2008, to meet and confer regarding the four out-of-state witnesses herein identified. If the parties are unable to reach an agreement on this issue, an appropriate motion, if any, must be filed and served no later than June 26, 2008.

IT IS SO ORDERED.

**Dated:   June 9, 2008**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

3