1

2

3

4            **IN THE UNITED STATES DISTRICT COURT**

5            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7   CARGILL INCORPORATED and                    CASE NO. CV-F-07-349- LJO-SMS
    CAN TECHNOLOGIES,
8
                        Plaintiffs,            **ORDER TO UNSEAL CERTAIN**
9                                               **DOCUMENTS**

10         vs.

11  MATTHEW BUDINE, et al.,

12                      Defendants.

13  _____/

14        Pursuant to this Court's Protective Order (Doc. 143, November 1, 2007), the parties' filed their

15  memoranda, statements of undisputed facts, affidavits and most exhibits under seal. (Docs. 182-184,

16  205-252, 259-261, and 268).  This Court's Protective Order includes the following provision:

17        12. Any Discovery Material that has been designated as "Confidential Information" or
          "Highly Confidential Information" that is included with or the contents of which are in
18        any way disclosed in any pleading, motion, deposition transcript, or other papers filed
          with the Clerk of the Court shall be filed under seal in accordance with Local Rule 39-
19        141.

20  Having reviewed the documents designated by counsel as "Confidential" and "Highly Confidential," the

21  Court revisited this Protective Order provision.  On May 29, 2008, the Court ordered the parties to

22  demonstrate compelling reasons why this Court should not unseal the sealed documents to protect the

23  public's right to access and the public's interest in understanding the judicial process. (Doc. 276).

24  Plaintiffs Cargill, Incorporated and CAN Technologies ("Cargill") responded on June 10, 2008.

25  Defendants opposed Cargill's request on the same day.  The Court considered Cargill's response to this

26  Court's order and the relevant law, discussed below, and issues the following order.

27        Courts recognize a "general right to inspect and copy public records and documents, including

28  judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The

                                            1

1 party seeking to seal a judicial record pertaining to dispositive motions bears the burden to overcome

2 this right. *Id.* "[T]he strong presumption of access to judicial records applies fully to dispositive

3 pleadings, including motions for summary judgment and related attachments. *Kamakana v. City &*

4 *County of Honolulu*, 447 F.3d 1172 1178-79 (9th Cir. 2006).

5        The party seeking to seal documents must "articulate compelling reasons supported by specific

6 factual findings that outweigh the general history of access and the public policies favoring disclosure,

7 such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79

8 (internal citations and quotations omitted). "In turn, the court must conscientiously balance the

9 competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at

10 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This Court

11 must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Valley*

12 *Broad. Co. v. United States District Court*, 798 F.2d 1289, 1295 (9th cir. 1986).

13        Cargill requests to maintain under seal, or in redacted form, seven of Defendants' approximately

14 60 exhibits filed in opposition to the motion summary judgment. Cargill asserts that compelling reasons

15 exist to keep these documents under seal because: (1) the documents relate to confidential settlement

16 agreements; and (2) the documents contain sensitive pricing information and do not relate to a matter

17 of significant public concern. Defendants argue that no compelling reasons exist to maintain any

18 documents under seal. The Court considers each request below.

19 **Exhibits Related to Settlement**

20        This Court indicated in its order that it will maintain under seal the settlements agreements

21 between Cargill and Todd Schwegel and Cargill and Doug DeGroff (Docs. 223, 224). Courts regularly

22 grant protective orders to protect confidential settlements agreements. *Phillips v. GMC*, 307 F.3d 1206,

23 1212 (9th Cir.2002) (citing *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 455 (N.D.N.Y.

24 1999) and *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993)). Cargill contends that

25 additional documents submitted as exhibits to Michael Marderosian's declaration in opposition to

26 Cargill's motion for summary judgment should remain under seal. These documents contain discussions

27 of these settlements, including their terms and negotiations. Specifically, these documents are:

28        1.     **Transcript of Todd Schwegel Deposition**, submitted as Exhibit 5 to Marderosian

Declaration (Doc. 210).  The deposition excerpts submitted relate, in their entirety, to Mr. Schwegel's negotiations with and consideration of Cargill's settlement efforts and the drafting of the confidential settlement he entered into with Cargill.

2.  **Transcript of Douglass DeGroff Deposition**, submitted as  Exhibit 6 to Marderosian Declaration (Doc. 211).  The following excerpts relate to Mr. DeGroff's negotiations with and consideration of Cargill's settlement efforts and the drafting of the confidential settlement he entered into with Cargill: 12; 14-15; 27:7-28:25; 36:5-25; 98:3-99:12; 135:22-25; and 140:14-20.  Cargill submitted a redacted version of Mr. DeGroff's Deposition excerpts which exclude those pages discussing details of the confidential settlement efforts.

3.  **Email Between Cargill Counsel and DeGroff Counsel discussing settlement negotiations**, submitted as  Exhibit 40 to Marderosian Declaration (Doc. 245).  This email contains information related to attorney-client privilege, as well as confidential settlement details.

4.  **Opposition to Cargill's Statement of Undisputed Facts and Reply to Opposition to Cargill's Statement of Undisputed Facts** (Docs. 252, 261).  These documents reveal details of the confidential agreements between Cargill and Mr. DeGroff and between Cargill and Mr. Schwegel at paragraphs 127-133, 140-41, and 145.  These paragraphs should be redacted to protect the details of the confidential settlement agreements before the documents are available for the public's access and information.

These documents shall remain under seal, or shall be available to the public in redacted form. Defendants' causes of action against Cargill relating to the settlements were summarily adjudicated, because they were barred by the litigation privilege.  Thus, the issues related to the settlement agreements were resolved as matters of law, not by a factual determination.  Accordingly, the contents of these documents will not aid "the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1179. The public's interest in access continues to be protected, as these documents did not affect the "resolution of [this] dispute on the merits." *Id.*    Having balanced the public's interest to access to this Court and understanding of the judicial process with Cargill's, Mr. DeGroff's, and Mr.

Schwegel's interest in keeping confidential the documents related to the terms of the confidential settlement agreements, this Court finds good cause to maintain these documents under seal.

**Exhibits Related to Cargill's "Sensitive Business Information"**

Cargill argues further that certain exhibits contain sensitive business information related to Cargill's financial performance, a discussion of how Cargill adjusts its margins on sales of product, and how it makes decisions concerning when to adjust the content of a feed formula. Specifically, these documents are:

1.    **Transcript of Todd Hall Deposition,** submitted as  Exhibit 3 to Marderosian Declaration (Doc. 208). Cargill believes that the following specific testimony that should remain under seal:

a.    22; and 23:1-5. This testimony relates to the financial performance of Cargill, Incorporated's Animal Nutrition business and the performance of certain business segments within it. This information relating to Cargill's financial performance bears no relation to the issues addressed or adjudicated in the motion for summary judgment. Its presence in the public record would fulfill no role in advancing "the public interest in understanding the judicial process" and should remain under seal. *Kamakana*, 447 F.3d at 1179.

b.    130:12-136:20; and 145:16-148:14. This testimony relates to Cargill's policies and practices relating to formulation of feed formulas, its decisions to make adjustments to formulas, what ingredients in a formula affect its cost, and a feed manufacturer's pricing. The detailed information in this testimony would provide a competitive advantage to a rival feed manufacturer because it would be better able to predict Cargill's actions when preparing a bid for a customer.

2.    **Transcript of Douglas DeGroff Deposition**, submitted as  Exhibit 6 to Marderosian Declaration (Doc. 211). Cargill believes that the specific testimony that should remain under seal is pages 59:13-18; 61:3-20; 73:3-74:16; 342:6-15; and 344.  This testimony relates to a Services Agreement that DeGroff's company, Diversified Dairy Solutions, LLC ("DDS"), entered into with Cargill for the development of dairy-feed related

products. This is sensitive business information because the testimony relating to the negotiation and operation of the agreement could be used by Cargill's competitors to underbid Cargill in offers for similar services.  Cargill submits a redacted version of the excerpts of Mr. DeGroff's deposition testimony to exclude the identified pages and lines.

3. **"Services Agreement" between Cargill and DDS**, submitted as  Exhibit 6 to Marderosian Declaration (Doc. 232). This agreement pertains to Cargill developing dairy-feed related products for DDS and contains detailed pricing information and terms. Knowledge of Cargill's pricing and terms for this arrangement could aid a competitor in the field of feed product development in underbidding Cargill in offers for similar services. In the alternative to maintaining the whole of Exhibit 27 under seal, Cargill requests that the Court maintain "Exhibit A" of the Services Agreement (identified by bates numbers CAR011975-CAR011977) under seal because it contains the business-sensitive pricing structure and terms.

4. **March 14, 2007 6:33 p.m. email from Robert Schubert**, submitted as Exhibit 30 to the Marderosian Declaration (Doc. 235).  This email discusses Cargill's price and margin for feed as to a specific dairy customer. This information could aid a competitor in pricing a bid for feed to this customer. In the alternative to maintaining the whole of Exhibit 30 under seal, Cargill submits a redacted version, attached as Exhibit 3, to be released to the public.

5. **March 1, 2007 8:33 p.m. email from Rob Sheffer**, submitted as Exhibit 37 to the Marderosian Declaration (Doc. 242).  This email lists factors Cargill's plant manager believes important in considering whether to bid on a formula for a specific customer and a discussion of Cargill's rationale in adjusting margins for a sale. This information could aid a competitor in pricing a bid for feed to this customer or in competing against Cargill generally in the dairy feed business. In the alternative to maintaining the whole of Exhibit 37 under seal, Cargill submits a redacted version, attached as Exhibit 4, to be released to the public.

6. **February 8, 2007 7:36 p.m. email from Brent Carroll**, submitted as Exhibit 38 to the

Marderosian Declaration (Doc. 243). This email discusses Cargill's management of feed ingredient intake and allocation of those ingredients and supplies between feed manufacturing facilities. Knowledge of how Cargill allocates ingredients and supplies could inform a competitor bidding against Cargill because the location of the feed mill making the feed may affect costs relating to transportation and delivery. In the alternative to maintaining the whole of Exhibit 38 under seal, Cargill submits a redacted version, attached as Exhibit 5, to be released to the public.

Cargill argues that it will face harm through the public release of the information contained in these exhibits. Cargill contends that the competitive harm faced by Cargill through the public release of its sensitive business information is similar to the "threat of serious economic injury to the discloser" that Courts recognize in sealing documents disclosing trade secrets. *Biovail Labs., Inc. v. Anchen Pharmaceuticals, Inc.*, 463 F. Supp. 2d 1073, 1083 (C.D. Cal. 2006).

Progressive argues that these exhibits should be unsealed. Progressive maintains that nothing in the exhibits would give a Cargill competitor a competitive advantage. Progressive contends that in moving to seal these particular documents, Cargill seeks to cover up its unfair, unlawful, and malicious conduct. Progressive asserts that information contained in Todd Hall's deposition is public record, as the information is contained in the allegations in the case of *Acme, et al v. Cargill*, Case No. 03-1040, Fifth Judicial District of Idaho, County of Cassia), and *Burford v. Cargill Inc.*, No. 05-0283 (W.D. La.).

The Court balances the potential economic harm to Cargill and Cargill's interest in keeping secret the LIMITED information specified above with the public's interest in understanding the judicial process and the public's interest in access to the Courts. The Court considers the public's strong interest in public access. Here, the Court notes that because the documents are not related to a "matter ...of significant public concern," this factor weighs in favor of keeping the documents under seal. *Kamakana*, 447 F.3d at 1179. The Court considers further that "the resolution of a dispute on the merits...is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id*. Here, however, the information contained in the exhibits is not at the center of this dispute. Specifically, many allegations upon which Progressive's counterclaims were based have been summarily adjudicated. Additionally, this Court cannot make an independent determination of what

information the courts in Idaho and Louisiana have divulged.  Rather, this Court limits its analysis to the instant case.  The Court considers further that the current request is limited in nature, both in the number of exhibits requested to keep under seal and in the page and line redaction offered in the alternative to sealing the document in full.  These exhibits contain sensitive business information which, if released to the public, could harm Cargill economically and financially.  Under the circumstances of this case, the Court chooses to err on the side of protecting the interest of the business, where the balance between Cargill's interests and the public's interests is close.  *See Nixon*, 435 U.S. at 600 (court has discretion, in light of facts and circumstances, to determine if a document should be available to the public).  For these reasons, and having considered the appropriate interests, this Courts finds that the appropriate balance requires an order to unseal the documents, but to redact the sensitive portions of a document before it is released to the public.  *See Folz*, 331 F.3d at 1137.

### Conclusion and Order

For the foregoing reasons this Court:

1.    **DIRECTS** the clerk of court to **UNSEAL** the following documents: Docs. 182-184, 205-207, 209, 212-222, 225-231, 233-234, 236-241, 244, 246-51, 259-260 and 268;

2.    ORDERS, for compelling reasons, the following documents **shall remain under seal**:

   a.    **Doc. 210**, Exhibit 5 to the Marderosian Declaration, Deposition of Todd Schwegel,

   b.    **Doc. 223**, Exhibit 18 to the Marderosian Declaration, Settlement and Release Agreement between Cargill and Douglas DeGroff and Diversified Dairy Solutions;

   c.    **Doc. 224**, Exhibit 19 to the Marderosian Declaration, Settlement and Release Agreement between Cargill and Todd Schwegel;

   d.    **Doc. 245**, Exhibit 40 to the Marderosian Declaration, Email from David Miclean to Greg Mason.

3.    ORDERS, for compelling reasons, that the following documents shall remain under seal, but shall be REPLACED by redacted exhibits, as indicated, available for public access:

   **a.**    **Doc. 208**, Exhibit 3 to the Marderosian Declaration, Deposition of Todd Hall,

**shall remain under seal and be replaced** by the redacted version of Exhibit 3 to the Marderosian Declaration, found at **Doc. 287, Exhibit 1;**

b.    **Doc. 211,** Exhibit 6 to the Marderosian Declaration, Deposition of Douglas DeGroff, **shall remain under seal and be replaced by** the redacted version of Exhibit 6 to the Marderosian Declaration, found at **Doc. 287, Exhibit 2**;

c.    **Doc. 235**, Exhibit 30 to the Marderosian Declaration, Email of Russell Riecken, **shall remain under seal and be replaced** by the redacted version of Exhibit 30 of the Marderosian Declaration, found at **Doc. 287, Exhibit 3**;

d.    **Doc. 242**, Exhibit 37 to the Marderosian Declaration, Email from Brent Carroll to Dave Powers, **shall remain under seal and be replaced** by the redacted version of Exhibit 37 of the Marderosian Declaration, found at **Doc. 287, Exhibit 4**; and

e.    **Doc. 243**, Exhibit 38 to the Marderosian Declaration, Email from Matt Tilschner to Todd Hall, **shall remain under seal and be replaced** by the redacted version of Exhibit 37 of the Marderosian Declaration, found at **Doc. 287, Exhibit 5**; and

4.    ORDERS the following documents **to remain under** seal pending submission of a redacted version by the parties:

a.    **Doc. 232**: Exhibit 27 to the Marderosian Declaration, Services Agreement. This document shall remain under seal until Cargill submits a redacted version to replace it. This Court ORDERS Cargill to file a redacted version the Services Agreement excluding Exhibit A to the Services Agreement **no later than June 18, 2008**. If Cargill fails to submit a redacted version of this document, the Court shall order the entire document unsealed.

b.    **Doc. 252**: Defendants' Opposition to Cargill's to Cargill's Statement of Undisputed Facts. This Court ORDERS Defendants to file a redacted version of this document, redacting paragraphs 127-133, 140-141, and 145, **no later than June 18, 2008**; and

c.    **Doc. 261**: Cargill's Reply Statement of Undisputed Facts. This Court ORDERS

Cargill to file a redacted version of this document, redacting paragraphs 127-133, 140-141, and 145, **no later than June 18, 2008.**

IT IS SO ORDERED.

**Dated:    June 12, 2008**                          **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE