IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MATTHEW BUDINE, et al.,<br>          Defendants.<br>_____/ | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER ON PROGRESSIVE'S MOTIONS IN LIMINE** (Doc. 297) |

The Court has read and reviewed the memoranda in support and opposition to the pending motions in limine. Defendants and Counterclaim Plaintiffs Matthew Budine, Luciana Jonkman, Brian Sundberg, and Progressive Dairy Solutions (collectively "Progressive") submitted nine motions in limine on July 2, 2008. Plaintiffs and Counterclaim Defendants Cargill Inc. and CAN Technologies ("Cargill") opposed the motions on July 11, 2008. The Court finds the motions suitable for decision without hearing. Accordingly, pursuant to Local Rule 78-230(h), this Court VACATES the July 22, 2008 hearing and issues the following order.

**Progressive's Motions in Limine**

**1.     Request for In Camera Review of Settlement "Agreements"/Sworn Statements.**

This Court GRANTS in part and DENIES in part Progressive's motion to refrain from ruling on the admissibility of the settlement agreements absent an in camera review. The parties may not use or mention the settlement agreements unless and until this Court rules otherwise. The parties may use the sworn statements attached to the settlement agreements to address issues of credibility, bias, or prejudice, but the sworn statements shall be referred to as "statements under oath," and may not be referred to as "settlement documents."

///

**2.      To Exclude of Any Claim of Ownership of Progressive's Premix.**

This Court DENIES Progressive's motion to exclude any claim of ownership of Progressive's premix. A question of fact remains as to whether the "new" product (post March 2007) has as its basis the "old" product. However, the Court is concerned with Cargill's assertion in its opposition papers at page 3, lines 12-14. Trial is not discovery. The issue raised by Cargill should have been explored already.

**3.      To Exclude of Any Reference to Insurance.**

This Court GRANTS Progressive's unopposed motion to exclude reference to insurance. No reference, argument, or presentation of evidence concerning the existence or absence of insurance is permitted.

**4.      To Exclude Expert Opinions**

   **A.      Nantell**

This Court GRANTS in part and DENIES in part Progressive's motion to exclude Dr. Timothy Nantell's expert opinion testimony. Dr. Nantell may testify as to his calculation of damages based on loss of customers and unjust enrichment damages. Progressive's argument raises factual matters going to the issue of weight, rather than admissibility. The Court is unconvinced that the jury will be confused or misled by Dr. Nantell's damages testimony. However, Dr. Nantell may not give legal opinions (e.g., misappropriation of trade secrets and proprietary information).

   **B.      Wustenberg**

This Court DENIES without prejudice Progressive's motion to exclude the expert opinions of Dr. Mark Wustenberg. Progressive's arguments appear to go to the issue of weight rather than preclusion or admissibility.

**5.      To Exclude Witnesses from Courtroom**

This Court GRANTS in part and DENIES in part Progressive's motion to exclude witnesses from the courtroom. Non-expert witnesses shall be excluded from the courtroom until they are called to testify. Expert witnesses, who routinely review opposition expert reports and all discovery, including deposition testimony of all witnesses, shall not be excluded from the courtroom.

///

**6.     To Exclude Reference to the Temporary Restraining Order**

This Court GRANTS Progressive's motion to exclude reference to the temporary restraining order. No party shall mention the existence of the temporary restraining order in front of the jury.

**7.     To Exclude Evidence, including All Testimony, Regarding Attorney-Client Communications Made to Progressive, Todd Schwegel, and Douglas DeGroff**

The Court REQUESTS a rebuttal from Progressive to address issues raised in Cargill's opposition to this motion. Progressive shall file and serve its rebuttal no later than July 17, 2008.

**8.     To Request to Call One Witness Out of Order**

The Court DENIES without prejudice Progressive's request to call witness Matthew Tilschner out of order. The Court finds that a videotaped deposition played during Progressive's case in chief is more appropriate than calling the witness out of order. Unless Progressive shows good cause why a videotaped deposition should not be ordered, counsel shall set up a deposition of witness Matthew Tilschner forthwith and the videotaped deposition of Matthew Tilschner shall be played during Progressive's case in chief.

**9.     To Exclude Designations on Exhibits Pursuant to Protective Order**

This Court GRANTS Progressive's motion to exclude designations on exhibits made pursuant to the Protective Order. The "confidential" or "highly confidential" designation shall be omitted from all exhibits and any deposition excerpts shown to the jury.

IT IS SO ORDERED.

**Dated:     July 15, 2008**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE