# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>    Plaintiffs,<br><br>vs.<br><br>MATTHEW BUDINE, et al.,<br><br>    Defendants. | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER ON CARGILL'S MOTIONS IN LIMINE** (Docs. 299-308, 314) |

The Court read and reviewed the memoranda in support and opposition to the pending motions in limine. Plaintiffs and Counterclaim Defendants Cargill Inc. and CAN Technologies ("Cargill") submitted ten motions in limine on July 2, 2008. Defendants and Counterclaim Plaintiffs Matthew Budine, Luciana Jonkman, Brian Sundberg, and Progressive Dairy Solutions (collectively "Progressive") opposed the motions on July 11, 2008. The Court finds the motions suitable for decision without hearing. Accordingly, pursuant to Local Rule 78-230(h), this Court VACATES the July 22, 2008 hearing and issues the following order.

### Cargill's Motions in Limine

**1.    To Preclude Progressive Defendants from Calling Attorneys to Testify**. This Court GRANTS Cargill's unopposed motion to preclude Progressive from calling attorneys to testify. Progressive shall not call David Miclean, Katherine Prescott, Christopher Piering, Wendy Wyse, or Greg Mason as witnesses at the time of trial.

**2.    To Exclude Expert Testimony of Keith W. Kinsel**.

This Court GRANTS in part and DENIES in part Cargill's motion to exclude the expert testimony of Keith Kinsel. Mr. Kinsel may not testify about damages he believes were caused by the filing of the lawsuit. In all other respects, Cargill's motion is denied, as the matters raised go to the weight and credibility of the expert opinions, and not to preclusion or qualifications.

**3.     To Exclude Reference to Cargill's Alleged Threats to Suppliers**.

This Court DENIES Cargill's motion to exclude reference to Cargill's alleged threats to suppliers. Counsel for Progressive are officers of the Court. They realize that they may only represent in opening statements to the jury what they honestly believe the evidence will show. They are precluded from categorizing any statement that is inadmissible. Were they to misstate facts in their opening statement, the Court is quite convinced that Cargill's counsel will be able, in closing arguments, to perform the appropriate tonsillectomy. Witnesses, should they mis-characterize activity, are subject to the same medical procedure by way of cross-examination.

**4.     To Exclude Expert Testimony of Jon D. Robison**.

Cargill's motion to exclude the expert testimony of Jon D. Robison is DENIED, but this Court LIMITS Dr. Robison's testimony. Dr. Robison is qualified to discuss the business of dairy nutrition. He may testify about what he reviewed, the methodology he followed, and what he concluded. Dr. Robison is qualified to speak to issues of procedure, custom and practice in the dairy nutrition business, and whether, from his review of the materials in this case, those were followed, and if not, why not.

Dr. Robison is precluded from voicing opinions that constitute legal conclusions, including, but not limited to, opinions about intellectual property and whether or not anyone possesses a proprietary interest. If he has a basis to question credibility, Dr. Robison may indicate why he discounted another's statement or opinion. He may not speculate on motives. Dr. Robison's is further precluded from expressing his ultimate opinions about a pretextual lawsuit (see pg. 2 of his report).

Based on the report of this witness, the Court has concern about the ability of anyone to control Dr. Robison from voicing opinion about everything, whether or not qualified, and whether or not permitted under the law. Counsel for Progressive should caution this witness that unless he controls himself on the witness stand, and follows the limitations of this order, the Court will remove him from the courtroom and strike the entirety of his testimony.

**5.     To Exclude Evidence Relating to the Burford or Acme lawsuits**.

This Court GRANTS in part and DENIES in part Cargill's motion to exclude evidence related to the *Burford* and *Acme* lawsuits. Individually-named Progressive defendants may refer to the *Acme*

and *Burford* lawsuits if the existence of those lawsuits explains why they did whatever they did pertaining to the facts of this lawsuit. They may not, however, use those lawsuits as a basis for their counterclaims in this action, nor may the other lawsuits be used as prior, similar acts.

**6.    To Preclude Progressive from Basing Liability or Damages at Trial on the Filing of Cargill's Lawsuit**.

This Court GRANTS in part and DENIES in part Cargill's motion. The litigation privilege bars Progressive from relying on the act of filing a lawsuit as a basis for its counterclaims. Therefore, Progressive may not base liability on the act of filing a lawsuit and, by extension, may not offer evidence at trial related to damages that were a result of the filing of the lawsuit or the privileged communications contained in the lawsuit, or otherwise deemed privileged by this Court's previous order. This Court previously ruled that the execution of the temporary restraining order is a privileged act, and the parties are precluded from mentioning the temporary restraining order. Finally, Progressive is not precluded from introducing evidence of conduct not protected by the litigation privilege, including: (1) Cargill did not issue a cease and desist letter; (2) Cargill refused to perform an exit interview; (3) Cargill made no effort to settle the claims with Progressive; (4) the act of Cargill posting the complaint on its website; and (5) the act of Cargill issuing a news release.

**7.    To Exclude Testimony of Certain Progressive Witnesses as Irrelevant**.

Cargill's motion to exclude nine witnesses from Progressive's pretrial list appears to pertain to only three: Bryan Kamper, Pete Hoekstra, and Richie Heida. This Court LIMITS the testimony of these witnesses in the following ways: (1) Bryan Kamper may testify to actions <u>he witnessed</u> that resulted in alleged intentional interference with prospective business advantage; (2) Pete Hoekstra may testify on issues of which he has direct knowledge concerning restitution; and (3) Richie Heida may not testify about his "feelings." He may testify to actions <u>he witnessed</u> concerning the intentional interference with prospective business advantage.

**8.    To Preclude Defendants from Referring to Their Statutory Unfair Competition in the Jury's Presence**.

This Court DENIES Cargill's motion to preclude Progressive from referring to the statutory

3

unfair competition claim in the jury's presence.  It is impossible for this Court to dissect and isolate all possible facts relating only to the unfair practices claim.  Were this readily possible, it should have been done in a formal, timely manner by way of a motion to bifurcate.  The jury instructions and verdict form should be sufficient to preclude confusion.

**9.     To Preclude Defendants from Referring to the Earnings of Cargill's Worldwide Operations and to Strike Progressive's Claim for Punitive Damages**.

The Court hereby BIFURCATES the punitive damages aspect of the case.  A finding will be included in the verdict form for a determination by the jury of malice, fraud or oppression.  Counsel are ordered to include this question in the jointly-filed proposed verdict form. Accordingly, Cargill's motion to strike Progressive claim for punitive damages is DENIED without prejudice.  Cargill's motion to preclude Progressive from referring to Cargill's earnings in its worldwide operations is GRANTED for the first phase of the trial.  Until and unless the jury makes the necessary finding of malice, fraud, or oppression, there will be no mention of Cargill's earnings in its worldwide operations, nor of the company's worth.

**10.    To Exclude the Testimony of Undisclosed Witnesses**.

This Court DENIES Cargill's motion to exclude the testimony of undisclosed witnesses.  Based on the opposition to this motion to exclude undisclosed witnesses, Jason Tuls is the only witness pertinent to this motion.  The Fed. R. Civ. P. 26(a) disclosure appears to have been made within a short time–as little as a week–after the facts were learned that form the basis of Mr. Tuls' testimony.  The alleged facts themselves appear to have occurred in March 2008 and April 2008 (see Declaration of Jason Tuls, dated July 9, 2008).  Therefore, the Fed. R. Civ. P. 26(a) disclosure was timely.

IT IS SO ORDERED.

**Dated:    July 15, 2008**                             /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE