# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>               Plaintiffs,<br><br>     vs.<br><br>MATTHEW BUDINE, et al.,<br>               Defendants.<br>_____/ | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER ON CARGILL'S MOTION FOR CLARIFICATION** (Doc. 335) |

The Court reviewed Cargill's motion for clarification of an apparent conflict between the Court's Order on Cargill's Motion in Limine number 6 and this Court's Order on Summary Judgment. While this Court finds clarity in both orders, the Court will be more specific for Cargill's benefit.

The litigation privilege applies only to communications or communicative acts, and applies regardless of malice. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). In this Court's Order on Summary Judgment ("Order"), the Court noted that Progressive's allegations of malicious conduct in litigating this lawsuit (e.g., (1) Cargill did not issue a cease and desist letter; (2) Cargill refused to perform an exit interview; and (3) Cargill made no effort to settle the claims with Progressive Defendants) were irrelevant as to whether this Court should ignore the litigation privilege, as Progressive suggested. Order, p.9 n.9. Rather, this Court ruled that the litigated privileged barred Progressive from relying on the alleged defamatory communications and communicative conduct to assert its causes of action. Order, *passim*.

This Court further ruled that the litigation privilege did not protect a tortious course of conduct,

and that questions of fact remained as to whether Cargill's alleged acts demonstrated unfair business practices. Order, 10-11, 23, 25; *see also*, *Kupiec v. American Int'l Adjustment Co.*, 235 Cal. App. 3d 1326, 1331 (1991). That is, the Court's Order did <u>not</u> preclude Progressive from introducing evidence of the above-mentioned actions, evidence of Cargill's act of posting the complaint, or Cargill's act of issuing the news release. The fundamental distinction between these rulings, based on well-settled law, is that actions (unless communicative) are not protected by the litigation privilege. Cargill did not argue, and this Court did not find, that Cargill's acts now challenged were privileged communicative acts. Accordingly, Cargill's request in its motion in limine number 6 at page 3, lines 11-17 was denied. No conflict exists between the two rulings.

IT IS SO ORDERED.

**Dated:   July 17, 2008**                             **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE