**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>          Plaintiffs,<br><br>   vs.<br><br>MATTHEW BUDINE, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER ON TRIAL BRIEF ISSUES** |

Having received and reviewed the parties' trial briefs, filed on July 22, 2008 (Docs. 356, 357), the Court issues the following order.

**Service Subpoena on Russell Riecken**

On June 9, 2008, this Court ordered the parties to meet and confer regarding trial subpoena issues of out-of-state Cargill employees, including Russell Riecken. The order included a requirement that Progressive file a motion to compel out-of-state witnesses to attend trial if no agreement was reached pursuant to the meet and confer discussion. That motion needed to be filed no later than June 26, 2008. No motion was filed. On July 11, 2008, Progressive served Mr. Riecken with a trial subpoena. Progressive now requests the Court to compel Mr. Riecken to honor the subpoena. Progressive argues that since Cargill did not move to quash the subpoena, this Court must order Mr. Riecken to appear for

trial. Cargill contends that since Progressive filed no motion to compel, Cargill was under no obligation to move to quash an untimely subpoena.

This Court finds that Progressive's request to compel Mr. Riecken to attend trial is untimely. . While the facts changed, i.e. Mr. Riecken was served with a subpoena, the Court's order did not. The order was issued at a time when serving a subpoena was anticipated, so the factual change is not a new circumstance. **Accordingly, this Court will not compel Mr. Riecken to attend trial to testify**.[1]

**Non-economic Damages Jury Instruction**

**This Court ORDERS Progressive, no later than Friday, July 25, 2008 at 12:00 noon, to file and serve a memorandum of points and authorities to support its position that Progressive and the Progressive Defendants are entitled to non-economic damages. In its memorandum, Progressive should also address the issue raised by Cargill in its Trial Brief, p.6, lines 7-9.**

**Paragraphs 10 and 15 of Todd Schwegel Settlement Agreement**

Having conducted an in camera review of the settlement agreement between Todd Schwegel and Cargill, this Court finds that paragraph 10 ("Statements by Schwegel") and paragraph 15 ("monetary payment") are significant to the issues of Mr. Schwegel's bias, prejudice, and credibility. **Accordingly, this Court rules that paragraphs 10 and 15 are admissible evidence for the limited purpose of Mr. Schwegel's bias, prejudice, and/or credibility.**

IT IS SO ORDERED.

**Dated:   July 23, 2008**                    **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

---

[1] Mr. Riecken has been deposed and his deposition has been recorded on video. Progressive designated the entire video deposition. Thus, Progressive may use Mr. Riecken's video deposition testimony, subject to appropriate evidentiary objections. .