# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>MATTHEW BUDINE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER ON OBJECTIONS TO EXHIBITS AND DEPOSITION DESIGNATIONS, PROGRESSIVE'S MOTION TO CLARIFY (Doc. 366), AND CARGILL'S OBJECTION TO PROGRESSIVE'S NONECONOMIC DAMAGES JURY INSTRUCTION** |

Having received and reviewed the parties' objections to trial exhibits and deposition testimony designations, the Court issues the following order, clarification, and response.

**<u>Court's Clarification in Response to Progressive's Motion to Clarify (Doc. 366)</u>**

The parties dispute whether evidence referencing the size of the party companies may be submitted. If, as officers of the Court, counsel can state, in opening statements, that the size of the party companies (Cargill and/or Progressive) relates to the merits of the elements of the parties' surviving claims, then counsel may reference a party company's size. However, the parties are precluded from referencing either party company's worth (net or gross) unless and until we move into the punitive damages phase as a result of a jury finding. At most, percentage of the market may be referenced.

**Court's Response to Progressive's Written Objections to Cargill's Exhibits**

**1.     Cargill's Exhibits Pertaining to Progressive's Financial Performance and Information**

The Court's position on Progressive's objection is the same as its response to Progressive's motion to clarify this Court's order on Cargill's motion in limine number 9.  If, as officers of the Court, counsel can state, in opening statements, that the size of the companies (Cargill and/or Progressive) goes to the merits of the elements of the parties' surviving claims, then reference to company size will be allowed.  However, the parties are precluded from referencing a company's worth (net or gross) unless and until we move into the punitive damages phase as a result of a jury finding.  At most, percentage of the market may be referenced.

**2.     Cargill's Exhibits Attached to Their Expert Report**

This information is elicited ordinarily from testimony from the witness stand.  The exhibits are thereafter referred to during testimony, but not accepted into evidence absent a stipulation by the parties.

**3.     Cargill Exhibits Pertaining to Emails From Doug DeGroff to Himself**

There is no complexity to these objections.  This Court will handle these objections during trial when, and if, counsel seeks to offer the exhibits into evidence.

**4.     Cargill Exhibits Pertaining to Correspondence Between Cargill and Todd Schwegel**

There is no complexity to these objections.  This Court will handle these objections during trial when, and if, counsel seeks to offer the exhibits into evidence.

**5.     Cargill Cumulative/Duplicative Exhibits**

All counsel are expected to offer the same exhibit only once.  If an exhibit is to be received into evidence, it will be received once.

**Court's Response to Cargill's Objections to Defendants' Trial Exhibits,**
**Cargill's Objections to Defendants' Deposition Designations, and**
**Progressive's Objections to Cargill's Deposition Designations**

The Court has ruled on the more significant evidentiary objections in the rulings on the motions in limine.  For all other objections, the Court waits for exhibits to be offered, and rules on objections made during trial.

**Court's Order on Cargill's Objection to Progressive's Non-economic Damages Jury Instruction**

This Court ORDERS Cargill, no later than Friday, July 25, 2008 at 12:00 noon, to file and serve a memorandum of points and authorities in response to Progressive's response pursuant to this Court's order (Doc. 375). Cargill shall specifically address Progressive's statements at page 2, line 28.

IT IS SO ORDERED.

**Dated:  July 24, 2008**             /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE