# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INCORPORATED and CAN TECHNOLOGIES,<br><br>        Plaintiffs,<br><br>  vs.<br><br>MATTHEW BUDINE, et al.,<br><br>        Defendants.<br>_____ /<br>and related counterclaims,<br>_____ / | CASE NO. CV-F-07-349- LJO-SMS<br><br>**ORDER ON PROGRESSIVE'S NON-ECONOMIC JURY INSTRUCTIONS** |

## INTRODUCTION

Defendants and Counter-claimants Progressive Dairy Solutions, Inc., Matthew Budine, Brian Sundberg, and Luciana Jonkman (collectively "Progressive") submitted jury instructions on non-economic damages. Plaintiffs and Counterclaim Defendants Cargill, Inc. and CAN Technologies (collectively "Cargill") objected to the submitted jury instructions (Doc. 360). Progressive responded to Cargill's objections (Doc. 375) and Cargill filed a sur-reply (Doc. 382). The Court considered the parties' memoranda and supporting exhibits and issues the following order.

## ARGUMENTS

Progressive submits non-economic damages jury instructions and claim they are entitled to recover for physical pain, mental suffering, emotional distress, loss of enjoyment of life, inconvenience,

1

grief, anxiety, and humiliation. Cargill objected to the proposed instructions on the grounds that Progressive did not claim non-economic damages in their counterclaims, damages expert's report, or "at any other point in these proceedings." Progressive pointed out that non-economic damages were mentioned as part of their counterclaim for defamation (second amended answer and counterclaim, 55:11). Specifically, Progressive mentioned that as a result of Cargill's alleged defamatory statements, Progressive "suffered monetary and non-monetary harm." Progressive submits that Cargill failed to conduct any discovery on the issue of non-economic damages. Cargill concedes that Progressive alleged that they suffered non-economic harm as a result of the alleged defamatory statements. However, Cargill argues that Progressive abandoned this claim when it failed to disclose any measure of non-economic damages in discovery.

## DISCUSSION

Progressive submits that it is entitled to seek non-economic damages for its defamation claim. Pursuant to this Court's summary judgment order, Progressive's defamation claim is limited to three statements. Two statements relate to Mr. Sundberg only. In his deposition, Mr. Sundberg testified as follows:

> Q. You indicated that...[you] suffered 5 million to 11 million in damages. Do you see that?
> A. Yes, I do.
> Q. What's the basis for that statement?
> A. Lost profits.

Thus, Mr. Sundberg never disclosed or claimed the non-economic harm for which Progressive now seeks to recover. As to the third statement, Progressive fails to identify a timely disclosure as to what non-economic harm the Progressive Defendants suffered as a result of the defamatory statement.

Progressive failed to disclose its non-economic damages measure in response to Cargill's discovery requests. Cargill's Interrogatory No. ten to Progressive Dairy Solutions, and Interrogatory No. nine to the individual defendants, asked: "State in detail all monetary damage and harm you claim as a result of any alleged wrongdoing of Cargill." In this question, Cargill asks Progressive to state all harm they claim. The question is not limited to economic damages. Moreover, the term "monetary damage" encompasses both economic and non-economic harm. *See Clay v. Lagiss*, 143 Cal. App. 2d 441, 449 ("mental worry, distress, grief, mortification, whether they are shown to exist...entitles the injured party

to redress in monetary damages"). In response to Cargill's interrogatories, the Progressive Parties responded by stating: "Defendant believes that the damages that the Defendants have suffered, before enhancement, for the improper conduct of Cargill, are in the range of at least $5,000,000 to $11,000,000." Subsequently, these responses were supplemented with the following: "The detail and exact calculation of defendants and counter-claimants' damages is the subject of expert analysis, calculation and testimony. Defendants and counter-claimants will provide detail of their damages...at the time of expert disclosures." Progressive's damage expert, Keith Kinsel, provided damage estimates for economic damages only. Moreover, Mr. Kinsel is unqualified to opine regarding non-economic harm and damages. Therefore, Progressive failed to disclose in a timely manner the basis for their non-economic damages claim. Accordingly, Progressive is not entitled to a jury instruction on non-economic damages.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court EXCLUDES Progressive's proposed jury instructions on non-economic damages.

IT IS SO ORDERED.

**Dated:   July 25, 2008**                   /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE