# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

CARGILL INCORPORATED and
CAN TECHNOLOGIES,

          Plaintiffs,

    vs.

PROGRESSIVE DAIRY SOLUTIONS
INC., MATTHEW BUDINE, LUCIANA
JONKMAN, and BRIAN SUNDBERG,

          Defendants.

_____/

PROGRESSIVE DAIRY SOLUTIONS
INC., MATTHEW BUDINE, LUCIANA
JONKMAN, and BRIAN SUNDBERG,

          Counterclaimants,

    vs.

CARGILL INCORPORATED and
CAN TECHNOLOGIES.

          Counterclaim Defendants.

_____/

CASE NO. CV-F-07-349- LJO-SMS

**VERDICT**

**FILED**

AUG 1 4 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

We answer the questions submitted to us as follows:

**Proceed to Part I.**

1

**PART I:  Cargill's Claim:  Misappropriation of Trade Secrets Against All Progressive Parties**

**Please circle your response.**

1.        Did Cargill own information related to its dairy nutrition business that was a trade secret?

yes      (no)

If your answer to question 1 is yes, then answer question 2.  If you answered no, answer question 6.

2.        Did the any of the Progressive Parties misappropriate any of Cargill's trade secrets?

A.        Mr. Budine                    yes        no

B.        Mr. Sundberg               yes        no

C.        Ms. Jonkman               yes        no

D.        Progressive Dairy Solutions   yes        no

If your answer to question 2(a),(b) **(c), and/or** (d) is yes, then answer question 3.  If you answered **no to all** of 2(a), (b), (c), **and** (d), answer question 6.

3.        Was the misappropriation a substantial factor in causing harm to Cargill?

yes        no

If your answer to question 3 is yes, then answer question 4.  If you answered no, answer question 6.

4.        What are Cargill's damages for this claim, if any?    TOTAL $ _____

Proceed to question 5.

5.        Willful and Malicious Misappropriation (please answer both (a) and (b)).

a.        Did the Progressive Parties act willfully?

1.        Mr. Budine                    yes        no

2.        Mr. Sundberg               yes        no

3.        Ms. Jonkman               yes        no

4.        Progressive Dairy Solutions   yes        no

**Proceed to Part I, question 5(b).**

2

b.      Did the Progressive Parties act maliciously?

      1.      Mr. Budine                          yes      no

      2.      Mr. Sundberg                      yes      no

      3.      Ms. Jonkman                       yes      no

      4.      Progressive Dairy Solutions   yes      no

**Proceed to Part II.**


6.      Was Cargill's misappropriation claim objectively specious?

   no

Proceed to Question 7.


7.      Did Cargill engage in subjective misconduct in pursuing the misappropriation claim?

yes  no

**Proceed to Part II.**

3

1    **PART II: Cargill's Claim:  Breach of Confidentiality Agreements**

2    **Against Mr. Budine, Mr. Sundberg and Ms. Jonkman**

3    **Please circle your responses.**

4    1.    Breach of Contract

5    a.    Did Mr. Budine breach the Employee Confidential Information and Invention Agreement?

6    yes   (no)

7    b.    Did Mr. Sundberg breach the Employee Confidential Information, Inventions, and Original

8    Works of Authorship Agreement?

9    yes   (no)

10   c.    Did Ms. Jonkman breach the Employee Confidential Information, Inventions, and Original

11   Works of Authorship Agreement?

12   yes   (no)

13   d.    Did Ms. Jonkman breach the Employee Software Loan Agreement?

14   yes   (no)

15   If your answer to question 1 is yes for a defendant, then answer question 2 for that defendant.  If you

16   answered no to question 1 for a defendant, stop here, and answer no further questions for that defendant.

17   If you answered no for all defendants, then proceed to proceed to Part III.

18

19   2.    Was Cargill harmed by the breach of contract it had with:

20   a.    Mr. Budine?          yes    no

21   b.    Mr. Sundberg?        yes    no

22   c.    Ms. Jonkman?         yes    no

23   If your answer to question 2 is yes for any defendant, then answer question 3. If you  answered no for

24   all defendants, proceed to Part III.

25

26   3.    What are Cargill's damages for this claim, if any?    TOTAL $ _____

27   **Proceed to Part III.**

28                                        4

1    **PART III: Cargill's Claim:  Common Law Misappropriation Against all Progressive Parties**

2    **Please circle your responses.**

3    1.    Did Cargill invest substantial time, skill or money in developing information and/or trade secrets

4    related to its dairy nutrition business?

5    (yes)    no

6    If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to Part IV.

7    2.    Did the any of the Progressive Parties acquire and use such Cargill information and/or trade

8    secrets at little or no cost to Progressive Parties?

9    A.    Mr. Budine                yes    (no)

10   B.    Mr. Sundberg              yes    (no)

11   C.    Ms. Jonkman               yes    (no)

12   D.    Progressive Dairy Solutions   yes    (no)

13   If your answer to question 2(a), (b), (c), **and/or** (d) is yes, then answer question 3.  If you answered **no**

14   **to all** of 2 (a), (b),(c), **and** (d), proceed to Part IV.

15   3.    Did any of the Progressive Parties fail to obtain Cargill's consent in acquiring Cargill's

16   confidential information and/or trade secrets?

17   A.    Mr. Budine                yes    no

18   B.    Mr. Sundberg              yes    no

19   C.    Ms. Jonkman               yes    no

20   D.    Progressive Dairy Solutions   yes    no

21   If your answer to question 3 (a), (b), (c), **and/or**(d)  is yes, then answer question 4.  If you answered **no**

22   **to all** of 3 (a), (b), (c), **and** (d), proceed to Part IV.

23   4.    Was Cargill injured by the Progressive Parties' conduct?

24       yes    no

25   If your answer to question 4 is yes, then answer question 5.  If you answered no, proceed to Part IV.

26   5.    What are Cargill's damages for this claim, if any?    TOTAL $_____

27   **Proceed to Part IV.**

28                                                    5

1           **PART IV:  Cargill's Claim:  Conversion Against All Progressive Parties**

2   **Please circle your responses.**

3   1.       Did Cargill own the information and/or trade secrets related to its dairy nutrition business ?

4                                 **(yes)**    no

5   If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to Part V.

6

7   2.       Did the Progressive Parties:

8   a.       Intentionally take possession of Cargill's confidential information and/or trade secrets for a

9         significant period of time?

10        1.     Mr. Budine             yes   **(no)**

11        2.     Mr. Sundberg          yes   **(no)**

12        3.     Ms. Jonkman          yes   **(no)**

13        4.     Progressive Dairy Solutions   yes   **(no)**

14       **and/or**

15   b.       Intentionally destroy Cargill's confidential information and/or trade secrets?

16        1.     Mr. Budine             yes   **(no)**

17        2.     Mr. Sundberg          yes   **(no)**

18        3.     Ms. Jonkman          yes   **(no)**

19        4.     Progressive Dairy Solutions   yes   **(no)**

20   If you answered yes to **either** 2(a) **or** 2(b) (including **any** of the sub-parts), then answer question 3.  If

21   you answered **no to both** 2(a) **and** 2 (b) (including **all** of the sub-parts), proceed to Part V.

22

23   3.       Did Cargill consent to the Progressive Parties' conduct?         yes     no

24   If your answer to question 3 is no, then answer question 4.  If you answered yes, proceed to Part V.

25

26   4.       Was Cargill harmed?                          yes     no

27   If your answer to question 4 is yes, then answer question 5.  If you answered no, proceed to Part V.

28                                 6

5. Was the Progressive Parties' conduct a substantial factor in causing Cargill's harm?

yes     no

If your answer to question 5 is yes, then answer question 6. If you answered no, proceed to Part V.

6. What are Cargill's damages for this claim, if any? TOTAL $_____

**Proceed to Part V.**


**PART V: Cargill's Claim: Intentional Misrepresentation by Mr. Budine**

**Please circle your responses.**

1. Did Mr. Budine make a false representation of an important fact to Cargill by representing to Cargill employees that he, Mr. Sundberg, Mr. DeGroff, Mr. Schwegel, and/or Ms. Jonkman would not be leaving Cargill?                                              yes   (no)

If your answer to question 1 is yes, then answer question 2. If you answered no, proceed to Part VI.

2. Did Mr. Budine know that the representation was false, or did he make the representation recklessly and without regard for its truth?                                         yes     no

If your answer to question 2 is yes, then answer question 3. If you answered no, proceed to Part VI.

3. Did Mr. Budine intend that Cargill rely on the representation?        yes     no

If your answer to question 3 is yes, then answer question 4. If you answered no, proceed to Part VI.

4. Did Cargill reasonably rely on the representation?             yes     no

If your answer to question 4 is yes, then answer question 5. If you answered no, proceed to Part VI.

5. Was Cargill's reliance on Mr. Budine's representation a substantial factor in causing harm to Cargill?                                                               yes     no

If your answer to question 5 is yes, then answer question 6. If you answered no, proceed to Part VI.

**Proceed to Part V, question 6.**

7

1 | 6.        What are Cargill's damages for this claim, if any?    TOTAL $ _____

2 | **Proceed to Part VI.**

3 |

4 |            **PART VI:  Cargill's Claim:  Negligent Misrepresentation by Mr. Budine**

5 | **Please circle your responses.**

6 | 1.        Did Mr. Budine make a false representation of an important fact to Cargill by representing to

7 | Cargill employees that he, Mr. Sundberg, Mr. DeGroff, Mr. Schwegel, and/or Ms. Jonkman would not

8 | be leaving Cargill?                                                         yes    (no)

9 | If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to Part VII.

10 |

11 | 2.        Did Mr. Budine lack reasonable grounds for believing the representation was true when he made

12 | it?                                                                          yes      no

13 | If your answer to question 2 is yes, then answer question 3.  If you answered no, proceed to Part VII.

14 |

15 | 3.        Did Mr. Budine intend that Cargill rely on the representation?    yes      no

16 | If your answer to question 3 is yes, then answer question 4.  If you answered no, proceed to Part VII.

17 |

18 | 4.        Did Cargill reasonably rely on the representation?               yes      no

19 | If your answer to question 4 is yes, then answer question 5.  If you answered no, proceed to Part VII.

20 |

21 | 5.        Was Cargill's reliance on Mr. Budine's representation a substantial factor in causing harm to

22 | Cargill?                                                                    yes      no

23 | If your answer to question 5 is yes, then answer question 6.  If you answered no, proceed to Part VII.

24 |

25 | 6.        What are Cargill's damages for this claim, if any?

26 | TOTAL $ _____

27 | **Proceed to Part VII.**

28 |                                              8

**Part VII: Cargill's Claim:  Breach of the Covenant of Good Faith and Fair Dealing**

**Against Mr. Budine, Mr. Sundberg and Ms. Jonkman**

**Please circle your responses.**

1.      Please answer each of the following:

a.      Did **Mr. Budine** unfairly interfere with Cargill's right to receive the benefits of the Employee Confidential Information and Invention Agreement?                                                                   yes    no

b.      Did **Mr. Sundberg** unfairly interfere with Cargill's right to receive the benefits of the Employee Confidential Information, Inventions, and Original Works of Authorship Agreement?      yes    no

c.      Did **Ms. Jonkman** unfairly interfere with Cargill's right to receive the benefits of the Employee Confidential Information, Inventions, and Original Works of Authorship Agreement?      yes    no

d.      Did **Ms. Jonkman** unfairly interfere with Cargill's right to receive the benefits of the Employee Software Loan Agreement?                                                                                                  yes    no

 If your answered **yes to any** of Question 1 (a), (b), (c), **or** (d), then answer question 2 for that defendant. If you answered no to question 1 **for all of** 1(a), (b), (c) **and** (d), stop here, and answer no further questions for that defendant.  If you answered no for all defendants, proceed to Part VIII.


2.      Was Cargill harmed by the defendants' conduct?

a.      Mr. Budine                    Yes    No

b.      Mr. Sundberg              Yes    No

c.      Ms. Jonkman               Yes    No

If your answer to question 2 is yes for (a), (b), **and/or** (c), then answer question 3.  If you answered **no** **to all** 2 (a)(b), **and** (c), proceed to Part VIII.


3.      What are Cargill's damages for this claim, if any?

 TOTAL $ _____

**Proceed to Part VIII.**

**PART VIII: Cargill's Claim: Breach of the Duty of Loyalty**

**Against Mr. Budine, Mr. Sundberg and Ms. Jonkman**

1.      While employed by Cargill, did **Mr. Budine** transact business on his own account that was similar to the business entrusted him by Cargill?                                                yes   (no)

If your answer to question 1 is yes, then answer question 2.  If you answered no, skip question 2 and answer question 3.

2.      Did Mr. Budine give preference to his own business over Cargill's?          yes        no

Proceed to question 3.


3.      While employed by Cargill, did **Ms. Jonkman** transact business on her own account that was similar to the business entrusted her by Cargill?                                              yes   (no)

If your answer to question 3 is yes, then answer question 4.  If you answered no, skip question 4 and answer question 5.

4.      Did Ms. Jonkman give preference to her own business over Cargill's?        yes        no

Proceed to question 5.


5.      While employed by Cargill, did **Mr. Sundberg** transact business on his own account that was similar to the business entrusted him by Cargill?                                             yes   (no)

If your answer to question 5 is yes, then answer question 6.  If you answered no, skip question 6 and proceed to the instruction after question 6.

6.      Did Mr. Sundberg give preference to his own business over Cargill's?        yes        no

If you answered **yes** to questions 2, 4 **and/or** 6, proceed to question 7.  If you answered **no to all** of questions 2, 4, and 6, then proceed to Part IX.


Question 7. What are Cargill's damages for this claim, if any? TOTAL $ _____ ____

**Proceed to Part IX.**

**PART IX:  Cargill's Claim:  Breach of Fiduciary Duty of Undivided Loyalty**

**Against Mr. Budine**

1.      Did Mr. Budine knowingly act against Cargill's interests in connection with the formation of Progressive Dairy Solutions?

yes     (no)

If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to Part X.


2.      Did Mr. Budine act without Cargill's informed consent?

yes      no

If your answer to question 2 is yes, then answer question 3.  If you answered no, proceed to Part X.


3.      Was Cargill harmed?

yes      no

If your answer to question 3 is yes, then answer question 4.  If you answered no, proceed to Part X.


4.      Was Mr. Budine's conduct a substantial factor in causing Cargill's harm?

yes      no

If your answer to question 4 is yes, then answer question 5.  If you answered no, proceed to Part X.


5.      What are Cargill's damages for this claim, if any?

TOTAL $ _____

**Proceed to Part X.**

11

**PART X:  Cargill's Claim:  Breach of Fiduciary Duty of Confidentiality Against Mr. Budine**

1.      Did Mr. Budine have information relating to Cargill that he knew or should have known was confidential?  (yes)  no

If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to Part XI.

2.      Did Mr. Budine:

(A)     Use Cargill's confidential information for his own benefit;

                yes     (no)

        **and/or**

(B)     Communicate Cargill's confidential information to third parties, such as Progressive Dairy Solutions, the other individual the Progressive Parties, Todd Schwegel or Doug DeGroff?

                yes     (no)

If your answer to either part of question 2 is yes, then answer question 3.  If you answered no to both parts of question 2, proceed to Part XI.

3.      Did Mr. Budine act without Cargill's informed consent?                yes     no

If your answer to question 3 is yes, then answer question 4.  If you answered no, proceed to Part XI.

4.      Was Cargill harmed?                                                yes     no

If your answer to question 4 is yes, then answer question 5.  If you answered no, proceed to Part XI.

5.      Was Mr. Budine's conduct a substantial factor in causing Cargill's harm?   yes     no

If your answer to question 5 is yes, then answer question 6.  If you answered no, proceed to Part XI.

6.      What are Cargill's damages for this claim, if any?   TOTAL $ _____

**Proceed to Part XI.**

1                   **PART XI:  Cargill's Claim:  Unjust Enrichment**

2

3    1.       Were the Progressive Parties unjustly enriched by their misappropriation or conversion of

4    Cargill's confidential information and/or trade secrets?

5            yes    (no)

6    If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to Part XII.

7

8    2.       What is the value of the unjust enrichment the Progressive Parties received?

9    TOTAL $_____

10   Proceed to Part XII.

11                    **PART XII:  Cargill's Claim:  Conspiracy**

12   1.       Was the Progressive Party aware that another Progressive Party, or Doug DeGroff or Todd

13   Schwegel:  planned to misappropriate or convert Cargill's information and/or trade secrets; make a

14   misrepresentation to Cargill; or breach a duty owed to Cargill?

15         (A)     Mr. Budine:       yes   (no)

16         (B)     Mr. Sundberg:     yes   (no)

17         (C)     Ms. Jonkman:     yes   (no)

18   If your answer to question 1 is yes for a defendant, then answer question 2 for that defendant.  If you

19   answered no to question 1 for a defendant, stop here, and answer no further questions for that defendant.

20   If you answered no for all defendants, then proceed to Part XIII.

21

22   2.       Did the Progressive Party agree with the other Progressive Party or DeGroff or Schwegel and

23   intend that the act be committed?

24         (A)     Mr. Budine:       yes     no

25         (B)     Mr. Sundberg:     yes     no

26         (C)     Ms. Jonkman:     yes     no

27   **Proceed to Part XIII.**

28                                   13

**PART XIII: Malice, Oppression or Fraud By The Individual The Progressive Parties**

1.        Did the Progressive Party act with malice, oppression, or fraud in: misappropriating or converting Cargill's confidential information and/or trade secrets; making an intentional misrepresentation to Cargill; or breaching a duty owed to Cargill?

      (A)    Mr. Budine:     yes  (no)

      (B)    Mr. Sundberg:    yes  (no)

      (C)    Ms. Jonkman:    yes  (no)

**The presiding juror should now sign and date this form.**

DATED: 8/14/08                          *Walter Franzel*

                                          PRESIDING JUROR

*After the presiding juror signs this form, please use a "Note from the Jury" to indicate that a verdict was reached.

14