1

**IN THE UNITED STATES DISTRICT COURT**

2

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

3

4  CARGILL INCORPORATED and                    CASE NO. CV-F-07-349- LJO-SMS
   CAN TECHNOLOGIES,

5
                        Plaintiffs,            **ORDER ON PROGRESSIVE'S FED. R. CIV.**
6                                              **P. 50(b) MOTION**

7            vs.

8  PROGRESSIVE DAIRY SOLUTIONS
   INC., MATTHEW BUDINE, LUCIANA
   JONKMAN, and BRIAN SUNDBERG,
9
                        Defendants.
10  _____/

11  PROGRESSIVE DAIRY SOLUTIONS
    INC., MATTHEW BUDINE, LUCIANA
12  JONKMAN, and BRIAN SUNDBERG,

13                      Counterclaimants,

14          vs.

15  CARGILL INCORPORATED and
    CAN TECHNOLOGIES.
16
                  Counterclaim Defendants.
17
    _____/
18

19          On August 22, 2008, Defendants and Counterclaim Plaintiffs Progressive Dairy Solutions, Inc.,

20  Matthew Budine, Luciana Jonkman, and Brian Sundberg (collectively "Progressive") filed ostensibly

21  a motion pursuant to Fed. R. Civ. P. 50(b) ("Rule 50(b)").  Progressive supplemented the memorandum

22  and exhibits in support of the motion on August 25, 2008.  Progressive seeks an order from this Court

23  overturning the jury's finding that Plaintiffs and Counterclaim Defendants Cargill, Inc. and CAN

24  Technologies (collectively "Cargill") did not act with subjective bad faith in bringing its

25  misappropriation of trade secrets claim against Progressive.  Because of an incurable procedural defect,

26  further briefing is unnecessary, and this Court DENIES Progressive's Rule 50(b) motion.

27

28                                  **BACKGROUND**

1

In this jury trial, Cargill claimed, *inter alia*, that Progressive misappropriated its trade secrets. Progressive denied Cargill's misappropriation claim and argued that Cargill filed and pursued that claim in bad faith.  On August 11, 2008, Cargill moved for judgment as a matter of law on Progressive's bad faith claim, pursuant to Rule 50(a).  Cargill argued that Progressive failed to prove that Cargill acted with bad faith by clear and convincing evidence.  Progressive opposed the motion.  This Court denied Cargill's Rule 50(a) motion.

Cargill then proposed modifications to the jury instructions.   This Court adopted Cargill's proposed bad faith jury instruction as Instruction No. 61, which read:

> If you conclude that Cargill has not proved its misappropriation claim, you must determine whether Cargill brought the claim in bad faith.  To prove that Cargill brought its misappropriation claim in bad faith, the Progressive Parties must prove by clear and convincing evidence that:
> 1. Cargill's misappropriation claim was objectively specious; and
> 2. Cargill engaged in subjective misconduct in pursuing the misappropriation claim.
>
> Cargill's misappropriation claim was objectively specious if there is a complete lack of evidence supporting Cargill's claim.
>
> Cargill engaged in subjective misconduct if Cargill knew or was reckless in knowing that its claim for trade secret misappropriation had no merit.

Cargill also proposed to modify the limiting instruction.  (Doc. 399, Aug. 11, 2008).  A modified version of Cargill's proposed limiting instruction was adopted by this Court as Jury Instruction No. 63 on August 12, 2008.  This Court instructed the jury on August 13, 2008.  After Cargill finished its closing argument, Progressive objected to the language of Jury Instruction No. 63.  This Court modified Jury Instruction 63 and sent the modified version into the jury deliberation room without reading the modified language.  There was no objection to this procedure.

On the first day of deliberations, the jury sent a note to the Court requesting the definition or explanation of "misappropriation claim objectively specious."  After discussing the note with counsel, this Court directed the jury to the definition of objectively specious provided in Jury Instruction No. 61. The next day, the jury sent a note requesting an explanation or definition of "subjective misconduct." Again, this Court discussed the note with counsel and directed the jury to the definition of subjective misconduct provided in Jury Instruction No. 61.

By unanimous decision, the jury found that Cargill's misappropriation claim was objectively

1    specious.  The jury also found unanimously that Cargill did not engage in subjective misconduct in

2    pursuing that claim.  After the verdict was read, Progressive objected to the jury's finding that Cargill

3    did not act with subjective misconduct.  This Court overruled Progressive's objection, and refused to

4    question the jury on their deliberative process.  Progressive responded with the instant post jury trial

5    Rule 50(b) motion.

6         Progressive argues that this Court erred in instructing the jury that it could consider certain

7    evidence for credibility purposes only.  Progressive contends that if the jury were not limited in its

8    consideration of certain evidence by Instruction No. 63, the jury would have found that Cargill acted

9    with subjective bad faith in filing and pursuing its misappropriation claim.  Progressive asks this Court

10   to reconsider the evidence, and the jury's finding, and to rule that Cargill acted with subjective bad faith

11   as a matter of law.  Progressive argues that such a ruling would allow it to pursue an award of attorneys'

12   fees award.

13                                          **DISCUSSION**

14        A Rule 50(b) motion *renews* consideration of issues initially raised in a pre-verdict motion for

15   judgment as a matter of law. Rule 50(b).  A party cannot raise arguments in its post-trial Rule 50(b)

16   motion that it did not raise in a pre-verdict Rule 50(a) motion. *See, Freund v. Nycomed Amersham*, 347

17   F.3d 752, 71 (9th Cir. 2003); *Tuttle v. Met. Gov't of Nashville*, 474 F.3d 307, 316 (6th Cir. 2007).  Thus,

18   a Rule 50(a) motion is a prerequisite to a Rule 50(b) motion.  *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d

19   883, 886-87 (9th Cir. 2002).

20        Because Progressive failed to raise the requisite Rule 50(a) motion during trial, the plain

21   language of Rule 50(b) precludes Progressive from pursuing this Rule 50(b) motion.  Rule 50(b) allows

22   a "movant" to file a "renewed motion for judgment as a matter of law"... "if the court does not grant a

23   motion...made under Rule 50(a)."  Progressive raised no Rule 50 motion during these proceedings.

24   Consequently, this Court had no opportunity to grant or deny any such motion made by Progressive

25   pursuant to Rule 50.  Progressive's argument that it qualifies as a "movant" pursuant to Rule 50(b)

26   because it moved to oppose Cargill's Rule 50(a) motion is unavailing.  Procedurally, Progressive's Rule

27   50(b) motion fails.

28        The Court notes that under certain limited circumstances, other courts have relaxed the

                                              3

1  mandatory nature of this rule to find certain pre-verdict activity sufficient to support a Rule 50(b) post-

2  verdict motion.  This Court does not occupy a legislative seat, however, and will not rule to contradict

3  the plain language of the statute.  Moreover, none of the previous cases is applicable to the present

4  circumstances.  *See Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1428 (9th Cir. 1986) (in limine

5  motion to dismiss); *Farley Transp. Co., Inc. v. Santa Fe Trial Transp. Co.*, 786 F.2d 1342, 1347 (9th

6  Cir. 1985) (request for jury instruction directing favorable verdict); *McClaran v. Plastic Industries, Inc.*,

7  97 F.3d 347, 360 (9th Cir. 1996) (objection to jury instructions on insufficiency of evidence grounds).

8  Progressive did not object to the jury instruction in a timely manner and did not object on insufficiency

9  grounds.  Thus, Progressive's pre-verdict jury instruction objections are not an "approximation" of a

10  Rule 50(a) motion. *C.f., McClaran*, 97 F.3d 347, 360.

11        Although the requirement that a Rule 50(a) motion must precede a Rule 50(b) motion is "harsh

12  in any circumstance," departure from the rigidity of this rule in the instant action "serves neither of the

13  rule's rationales -- protecting the Seventh Amendment right to trial by jury, and ensuring that the

14  opposing party has enough notice of the alleged error to permit an attempt to cure it before resting**."**

15  *FSLIC v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987); *Anderson v. United Tel. Co.*, 933 F.2d 1500, 1503

16  (10th Cir. 1991); *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1429 (9th Cir. 1986) (purpose

17  of directed verdict motion is to provide notice of claimed evidentiary insufficiencies and preserve issue

18  of sufficiency of evidence as question of law).  In addition, the legislative branch has a right to write

19  laws with hard results.  The judicial branch has an obligation to follow the law, and has no right to

20  rewrite legislation.  This Court's obligation to follow the law as written is inviolable.[1]

21                                CONCLUSION

22        For the foregoing reasons, this Court DENIES Progressive's Rule 50(b) motion (Doc. 419).

23        IT IS SO ORDERED.

24  **Dated:    August 26, 2008              /s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE

25

26

27        [1]Because this Court rules on the procedural aspect of this motion, the Court need not address Progressive's
   substantive arguments.  For these reasons, this Court finds that further briefing and oral argument is unnecessary.  See Local
28  Rules 50-291; 78-230(h).

                                      4