IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INC. AND CAN TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PROGRESSIVE DAIRY SOLUTIONS, INC., MATTHEW BUDINE, LUCIANA JONKMAN and BRIAN SUNDBERG <br><br> Defendants. <br> _____/ <br> PROGRESSIVE DAIRY SOLUTIONS INC., MATTHEW BUDINE, LUCIANA JONKMAN, and BRIAN SUNDBERG, <br><br> Counterclaimants, <br><br> vs. <br><br> CARGILL INCORPORATED and CAN TECHNOLOGIES. <br><br> Counterclaim Defendants. <br> _____/ | CASE NO. CV-F-07-0349- LJO-SMS <br><br> **ORDER ON COSTS DISPUTE** |

The Court must determine which party, if either, is the prevailing party in this matter and whether that party shall recover costs, pursuant to Fed. R. Civ. P. 54(d)(1). Fed. R. Civ. P 54(d)(1) provides:

1

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Plaintiffs and counterclaim defendants Cargill, Inc. and CAN Technologies (collectively "Cargill") contend that neither party is the prevailing party because each party prevailed on its claims. (Doc. 430). Cargill proposes that each side bear its own costs. *Id.* Defendants and counterclaimants Progressive Dairy Solutions, Matthew Budine, Luciana Jonkman, and Brian Sundberg (collectively "Progressive") argue that Progressive is the prevailing party and is entitled to costs (Docs. 428, 429). The Court considered the parties' arguments, the applicable authority, and the record, and issues the following order.

The judgment in this case was mixed. On summary judgment, this Court granted judgment in favor of Cargill and against Progressive on 5 claims. After a 12-day jury trial, the jury considered the testimony and evidence presented and found in favor of Progressive and against Cargill on each of the Cargill's 13 claims. On Progressive's remaining counterclaim, this Court found in favor of Cargill and against Progressive.

Notwithstanding the mixed nature of the judgment, the Court finds that Progressive is the prevailing party in this action. The "prevailing party" is the party who "prevails as to the substantial part of the litigation." *Best Medium Pub. Co. v. Nat. Insider, Inc.*, 385 F.2d 384, 386 (7th Cir.), *cert. denied*, 390 U.S. 955 (1967); *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (court enjoys wide discretion to award costs in case with mixed outcome); *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996) (same). The claims brought by Cargill in its complaint, and tried by Cargill in the jury trial, were the predominate issues and main thrust of this case. The overwhelming majority of evidence and testimony in the lengthy jury trial focused on Cargill's claims against Progressive. Thus, Progressive prevailed on the substantial part of the litigation. By contrast, the judgment rendered in favor of Cargill was nominal when compared to jury verdict in favor of Progressive. Two of those claims were dismissed as a matter of law (civil conspiracy and unjust enrichment) because those were claims for relief rather than separate causes of action. One claim was dismissed on standing grounds. None of the claims predominated the jury trial.

Although Progressive is the prevailing party, further briefing is necessary to determine whether, and if so, how, the costs should be apportioned. *See, e.g., Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993)

(district courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs).

For these reasons this Court:

1. ADJUDGES that Progressive is the prevailing party in this action;
2. ORDERS Cargill, no later than September 12, 2008, to file and serve its brief on the apportionment of costs issue (not to exceed 5 pages); and
3. ORDERS Progressive, no later than September 16, 2008, to file and serve its reply brief on the apportionment of costs issue.

IT IS SO ORDERED.

**Dated:    September 5, 2008**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE