IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGILL INC. AND CAN TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PROGRESSIVE DAIRY SOLUTIONS, INC., MATTHEW BUDINE, LUCIANA JONKMAN and BRIAN SUNDBERG <br><br> Defendants. <br>_____/ <br> PROGRESSIVE DAIRY SOLUTIONS INC., MATTHEW BUDINE, LUCIANA JONKMAN, and BRIAN SUNDBERG, <br><br> Counterclaimants, <br><br> vs. <br><br> CARGILL INCORPORATED and CAN TECHNOLOGIES. <br><br> Counterclaim Defendants. <br>_____/ | CASE NO. CV-F-07-0349- LJO-SMS <br><br> **FURTHER ORDER ON COSTS DISPUTE** |

The Court adjudged defendants and counterclaimants Progressive Dairy Solutions, Matthew Budine, Luciana Jonkman and Brian Sundberg (collectively "Progressive") to be the prevailing parties in this action. Order on Costs Dispute, Doc. 434, filed September 8, 2008. The Court determined that further briefing was necessary to determine whether, and if so, how, costs should be apportioned. *Id.* at 2 (citing *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993) (district courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs)); *see also*, Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless

1

the court otherwise directs."). Having reviewed the briefs filed by Progressive (Doc. 436) and plaintiffs and counterclaim defendants Cargill, Inc. and CAN Technologies (collectively "Cargill") (Doc. 435), the Court issues the following order.

### **Arguments**

Cargill argues that because Progressive's twenty-four counterclaims were substantial, independent, offensive (rather than defending against Cargill's lawsuit), and ultimately unnecessary, wasteful, and unsuccessful: (1) each party should bear its own costs, or (2) under no circumstances should Progressive recover from Cargill the cost of pursuing its unsuccessful counterclaims, and the Court should require Progressive to identify with specificity in its bill of costs the relation of any costs sought to Cargill's claims. Additionally, Cargill requests the opportunity to oppose any specific costs sought by Progressive, pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54-292(c).

Progressive asserts that as the prevailing party, it is entitled to recover all permissible costs. Progressive maintains that although it has several witnesses on its witness lists, the 35 depositions taken in this case for the defense of Cargill's claims. Progressive argues that the vast majority of all of the written discovery focused on Cargill's claims. Progressive claims that "neither the 'late dismissal' of Progressive's counterclaims or any alleged permeation of the counterclaims affect the costs incurred in this matter." Therefore, Progressive concludes that there is no basis to allocate any portion of the burden of costs to Progressive.

### **Discussion**

Both parties invite the Court to make line-item determinations of apportionment. For example, Cargill argues that half of the depositions of Todd Hall and the defendants related to Progressive's counterclaims, unrelated in fact or time to Cargill's claims. Cargill submits that at least 3 full depositions (Kinsel, Kooyman, and Pires), as well as significant portions of 12 depositions noticed and taken by Cargill related to the defense of Progressive's counterclaims. Progressive argues that every deposition was related to the defense of Cargill's claims and offers each deposition for the Court's review to determine what percentage of the deposition pertained to Cargill's claims. Such review would be overly burdensome and unwieldy. In addition, Cargill has not yet filed a bill of costs.

Despite Progressive's arguments, Progressive's counterclaims generated substantial discovery.

1  The Fed. R. Civ. P. 56 motion pertained solely to Progressive's counterclaims.  Each party submitted
2  voluminous and lengthy evidentiary records in support of their positions.  Thus, although slight evidence
3  of Progressive's counterclaims was produced at trial, the parties did generate costs preparing for, and
4  defending against, Progressive's counterclaims.

5       This Court agrees with Cargill that Progressive should not be allowed to recover the costs of its
6  counterclaims.  Progressive concedes this point, and offers in a footnote the following:  "The costs
7  incurred by Progressive as it relates to its own counterclaims were incurred via private investigator and
8  with interviews conducted by Progressive.  Progressive is not seeking to recover these costs; nor are they
9  permissible to recover under statute."  The  costs related to Progressive's counterclaims may go beyond
10 that which is recognized in this footnote.  Thus, Progressive should use its discretion and good judgment
11 as it develops its bill of costs.

## Conclusion

13      For the foregoing reasons, the Court ORDERS as follows:

14 1. Progressive, as the prevailing party, may recover the costs incurred in defeating Cargill's claims
15    (including clerk fees, transcript costs, printing and copying costs, etc.), but may not recover the
16    costs related to its counterclaims.

17 2. Progressive shall file and serve its bill of costs no later than **September 19, 2008**;

18 3. Cargill shall file objections to Progressive's bill of costs, if any, no later than **September 26,**
19    **2008**.  Reference to the various discovery documents will help determine the allocation of costs,
20    if any (i.e., 60 pages of a 180 page deposition was dedicated to Progressive's counterclaims,
21    etc.);

22 4. Progressive shall file and serve a response to Cargill's objections, if any, no later than **October**
23    **1, 2008**.

25 IT IS SO ORDERED.

26 **Dated:   September 17, 2008**          **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE