**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARGILL INC. AND CAN TECHNOLOGIES, INC., | CASE NO. CV-F-07-0349- LJO-SMS |
| Plaintiffs, | **ORDER ON PROGRESSIVE'S BILL OF COSTS** |
| vs. | |
| PROGRESSIVE DAIRY SOLUTIONS, INC., MATTHEW BUDINE, LUCIANA JONKMAN and BRIAN SUNDBERG | |
| Defendants. / | |
| PROGRESSIVE DAIRY SOLUTIONS INC., MATTHEW BUDINE, LUCIANA JONKMAN, and BRIAN SUNDBERG, | |
| Counterclaimants, | |
| vs. | |
| CARGILL INCORPORATED and CAN TECHNOLOGIES, | |
| Counterclaim Defendants. | |
| / | |

///

The Court previously adjudged defendants and counterclaimants Progressive Dairy Solutions, Matthew Budine, Luciana Jonkman and Brian Sundberg (collectively "Progressive") to be the prevailing parties in this action. Order on Costs Dispute, filed September 8, 2008 (Doc. 434). On September 17, 2008, Progressive filed its Bill of Costs. Plaintiffs and counterclaim defendants Cargill, Inc. and CAN Technologies (collectively "Cargill") filed objections to Progressive's Bill of Costs on October 20, 2008 (Docs. 448, 449, 451). Progressive responded to Cargill's objections on October 24, 2008 and filed an amended Bill of Costs (Docs. 452, 453). Having considered Progressive's costs bill and supporting documents, Cargill's objections and supporting documents, and Progressive's response and supporting documents, this Court issues the following order.

## ANALYSIS

### Apportionment

As an initial matter, this Court addresses apportionment of costs. Because this action included a related cross-action, the Court found that further briefing was necessary to determine whether, and if so, how, costs should be apportioned. Order on Costs Dispute at 2 (citing *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993) (district courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs)); *see also*, Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."). Having reviewed the briefs filed by Progressive (Doc. 436) and Cargill (Doc. 435), the Court issued a tentative ruling that 70% of the recoverable costs submitted by Progressive may be awarded. Court's Tentative Costs Apportionment Ruling, filed on October 8, 2008 (Doc. 447).

The parties had the opportunity to oppose this Court's tentative ruling in the subsequently-filed objections and response to Progressive's Bill of Costs. Neither party opposed this Court's tentative ruling on costs allocation. Accordingly, the Court rules that 70% is the appropriate apportionment of costs in this matter and orders 70% of the recoverable costs to be awarded to Progressive.

### Recoverable Costs

The types of costs that may be awarded under Fed. R. Civ. P. 54(d) are limited to those enumerated in 28 U.S.C. §1920. In pertinent part, 28 U.S.C. §1920 states:

A judge or clerk of any court of the United states may tax as costs the following:

    (1) Fees of the clerk or marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket Fees under section 1923 of this title;

This Court's Local Rule 54-292(f) provides that the following are taxable items:

    (1) Clerk's fees (28 U.S.C. §§1914, 1920(1));
    (2) Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the marshal (28 U.S.C. §§1920(1), 1921);
    (3) Court reporter's fees (28 U.S.C. §1920(2));
    (4) Docket fees (28 U.S.C. §§1920(5); 1923);
    (5) Fees for exemplification and copies of papers necessarily obtained for use in the case (28 U.S.C. §1920(4));
    (6) Fees to masters, receivers, and commissioners (Fed. R. Civ. P. 53(a));
    (7) Premiums on undertaking bonds or security required by law or by order of the Court or necessarily incurred by a party to secure a right accorded in the action;
    (8) Per diem, mileage, and subsistence for witnesses (28 U.S.C. §1821);
    (9) Compensation of Court-appointed experts, compensation for interpreters, and salaries, fees, expenses and costs of special interpretation services (28 U.S.C. §§1828, 1920(6));
    ...
    (11) Other items allowed by any statute or rule or by the Court in the interest of justice.

District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs. *See, e.g., Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993).

The Court considers below whether each sub-category of costs submitted by Progressive is recoverable.

**Progressive's Bill of Costs**

Pursuant to its Bill of Costs, filed September 17, 2008, Progressive seeks a total of $156,026.17. Progressive's costs bill is as follows:

| | |
|---|---:|
| Fees for the Clerk | $ 180.00 |
| Fees for Service of summons and subpoena | $ 1,661.82 |
| Fees for court reporter | $ 81,683.49 |
| Fees for witnesses | $ 4,065.00 |
| Fees for exemplification | $ 66,144.21 |
| Docket Fees under 28 U.S.C. 1923 | $ 25.00 |
| Other costs | $ 2,266.65 |
| Total costs | $ 156,026.16 |

On October 24, 2008, Progressive submitted an amended Bill of Costs (Doc. 453). Progressive amended its costs bill to include receipts not previously submitted. The total amount requested remains the same as the initial bill.

Cargill's line-item opposition to Progressive's cost bill reduces the total cost to $45,820.54. According to Cargill, Progressive's recoverable costs are:

| | |
|---|---:|
| Fees for the Clerk | $ 0.00 |
| Fees for Service of summons and subpoena | $ 1,032.00 |
| Fees for court reporter | $ 31,395.27 |
| Fees for witnesses | $ 1,150.00 |
| Fees for exemplification | $ 12,217.57 |
| Docket Fees under 28 U.S.C. 1923 | $ 25.00 |
| Other costs | $ 0.00 |
| Total costs | $ 45,820.54 |

**Fees of the Clerk (28 U.S.C. §1920(1))**

Progressive seeks to recover the amount charged by this Court for Progressive's *pro hac vice* application. Cargill argues that pro hac vice application fees are not recoverable. This Court agrees that "[s]uch fees are an expense of counsel for the privilege of practicing law in this Court. Such expenses are not normally charged to a fee-paying client." *Romero v. U.S.*, 865 F. Supp. 585, 594 (E.D. Mo. 1994) (citing *Northcross v. Board of Education*, 611 F.2d 624, 639 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980)). Accordingly, Progressive may not recover the *pro hac vice* application cost of $180.

**Fees for Service of Summons and Subpoena (28 U.S.C. §1920(1))**

Progressive seeks to recover fees for the service of a subpoena to 16 witnesses. Cargill objects to Progressive's recovery of subpoena services fees for the following invoices: (1) Powers-6/27/08; (2) VanVliet-6/27/08; (3) McCord-6/27/08; (4) Watson–7/1/08; (5) Oliveira-7/1/08; (6) Shubert-7/1/08; (7) Hays-7/8/08; and (8) Bivens-7/8/08. Cargill argues that because it agreed to accept service for these eight individuals, Progressive should not recover for the costs which were needlessly incurred.

This Court addressed whether certain Cargill employees were subject to a subpoena issued by this Court in its Order Regarding Trial Subpoena Disputes, filed on June 9, 2008 (Doc. 286). The Court ruled that seven Cargill employees who reside in the Modesto/Turlock, California area are subject to this Court's subpoena power and that Progressive may serve subpoenas to the California-resident Cargill employees. *Id.* at 1-2. The California-resident Cargill employees included Shubert, McCord, Watson, Oliveira, Van Vliet, Hays and Bivens.[1] The Court's order did not address subpoena service to Powers.

---

[1] For the sake of clarity, this Court will refer to individuals by his or her last name only throughout this order.

In light of this Court's ruling, Progressive contacted Cargill on June 10, 2008 to determine whether Cargill would accept service on behalf of the California-resident Cargill employees. Progressive's email transmission advises Cargill: "Please advise by end of day tomorrow. If I do not hear from you in this regard, we will notify our process service to proceed with service." On June 25, 2008, Progressive wrote Cargill an additional email. In it, Progressive continues to inquire as to whether Cargill is willing to accept the subpoenas on behalf of the California-resident Cargill employees, but warns: "I believe we have started the process of serving them based on the fact that I had not heard back from Mark when I initially made this inquiry two weeks ago; however, we can certainly advise the process service that personal service will no longer be necessary should you be willing to accept service." Cargill's June 25, 2008 responses indicate its willingness to accept service on behalf of the California-resident Cargill employees as well as Powers. Progressive's invoices show that the process server attempted service for these eight individuals on June 27, 2008, July 1, 2008, and July 8, 2008.

This Court's ruling on the subpoenas issue served as notice to Cargill that Progressive intended to serve the California-resident Cargill employees with subpoenas. Cargill does not demonstrate that it responded to Progressive's June 10, 2008 request in a timely manner. Although Cargill eventually agreed to accept service of the California-resident Cargill employees, Progressive had incurred costs related to the service of subpoenas. Accordingly, the Progressive did not incur needlessly the expenses related to Shubert, McCord, Watson, Oliveira, Van Vliet, Hays and Bivens and may recover those costs.

As to Powers, Progressive does not demonstrate that Cargill was on notice that Progressive intended to serve the subpoena prior its June 25, 2008 email. Because Cargill agreed to accept service in a timely manner as to Powers, the costs incurred by Progressive on June 27, 2008 were needless and unrecoverable.

### Fees of the Court Reporter (28 U.S.C. §1920(2))

Progressive objects to Cargill's fees of the court reporter on the following grounds: (A) no invoice provided; (B) only one copy taxable; (C) video deposition costs not recoverable; (D) rush charges not taxable; (E) technology packages and roughs not recoverable. The Court addresses each objection below.

///

### A. Undocumented Costs

Progressive sought court reporter costs for the deposition transcripts of Riecken, Van Vliet, DeGroff, Sheffer, and Jonkman, without submitting receipts or supplementary documentation in support of their claim. Cargill correctly pointed out that Progressive cannot recover for the court reporter charges for which it has provided no documentation. *English v. Colorado Dep't of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001). In response, Progressive submitted documentation to support the costs identified in its original Bill of Costs. This Court will not penalize Progressive by denying costs recoverable for failure to submit the supporting documentation in its original bill. *See Women's Fed. Sav. and Loan Ass'n of Cleveland v. Nevada Nat. Bank*, 108 F.R.D. 396, 309 (D. Nev. 1985). Because Progressive identified the costs in the original Bill of Costs, and included receipts relevant to those costs in its amended Bill of Costs, this Court finds that Progressive is entitled to recover for all costs recoverable that were identified in its original Bill of Costs if Progressive included the receipts in either the original or amended Bill of Costs.

### B. Original and One Copy

Cargill objects to thirteen (13) deposition costs on grounds that only one copy is taxable. Cargill submits that the amount requested by Progressive is for both an original and certified copy of the deposition transcript. Cargill proposes that this Court split in half the cost of the deposition transcripts to allow Progressive to recover for the original, but not the certified, copy of the deposition transcript. In response, Progressive submits evidence from the two court reporting services used to explain that "the certified copy is complimentary when ordering the court reporting any paying for the original transcript." Accordingly, Progressive is entitled to recover the full amount requested, which is the amount Progressive paid for the original copy of the deposition transcripts.

### C. Video Deposition Costs

Cargill argues that video deposition costs are not recoverable and objects to Progressive's attempt to recover the costs of video depositions charged in 24 invoices. The video deposition costs are associated with the video depositions of Powers, Oliveira, Hayes, Bivens, Reicken, Warta, Van Vliet, McCord, Ellis, Cieslak, Schwegel, Shubert, Watson, DeGroff, Budine, Sundberg, Jonkman, Kooyman, Pires, Previant, Dutra, Strang, Robison, Phillips and Bussman.

The Court finds that Progressive may recover the costs of the video depositions of defendants and counterclaimants Budine, Jonkman, and Sundberg. Cargill's use of the video depositions of the Progressive parties during the trial demonstrates that the video depositions of those parties were necessary. Progressive may also recover the costs of the video depositions of the parties who were subject to this Court's Order on Subpoena Disputes. Cargill's unwillingness to produce those witnesses at trial required Progressive to use a video deposition to develop, and eventually present, its case. Progressive may not recover the costs of the video depositions of those individuals who were not parties and not the subject of this Court's subpoena order. For those individuals, Progressive does not address why a video deposition was necessary. Accordingly, Progressive may recover costs for the video depositions of Budine, Jonkman, Sundberg, Shubert, Oliveira, VanVliet, McCord, Warta, Hays, Bivens, Reicken, and Watson, but may not recover for the video depositions of Powers, Ellis, Cieslak, Schwegel, DeGroff, Kooyman, Pires, Previant, Dutra, Strang, Robison, Phillips and Bussman.

### D. Expedited and/or Rough Transcripts

Cargill objects to the expedited costs of: (1) Todd Hall deposition; and (2) volume 2 of Luciana Jonkman's deposition transcript. Progressive argues that Todd Hall's deposition was expedited necessarily. Progressive contends that Mr. Hall did not appear at his originally scheduled deposition, and Progressive needed the transcripts of his February 26, 2008 deposition, so that Progressive's expert, Dr. Robison, could review Mr. Hall's lengthy deposition transcript before his report was due on March 28, 2008. Progressive also offers that the total cost for the deposition of Todd Hall, less the cost to "expedite" the transcript, was $2,483.85. The Court finds that the expedited cost is not recoverable. Accordingly, Progressive may recover $2,483.85 for the Todd Hall deposition transcript, which is the cost of the deposition transcript without the expedited charges. Progressive does not address the specific need for the expedited charges of volume 2 of Jonkman's deposition transcript. Accordingly, Progressive may not recover the cost of $840.16 for a 3 day expedited service of Jonkman's volume 2 deposition transcript.

In its response, Progressive provides a convincing argument why rough transcripts were obtained for: (1) Robison (6/16/08); (2) Nantell (6/4/08); (3) Strang (6/9/08); (4) Lelewski (5/29/08); and (5) Swanson (4/1/08), but does not explain why rough transcripts were ordered for Budine and Sundberg.

Accordingly, Progressive may recover the rough transcript costs as to Robison, Nantell, Strang, Lelewski, and Swanson, but may not recover the rough transcripts costs associated with Budine and Sundberg.

**E.     Technology Packages**

Progressive maintains that it should recover the charge of $25 for the twelve depositions in which a technology package was ordered and a nominal fee charged. Progressive argues that, based on the nature of the litigation, the technology package was crucial to allow Progressive to perform key word searches and ultimately minimized costs. Progressive contends that the technology packages allowed Progressive to email transcripts in lieu of printing and/or copying and that such efforts avoided costs that would have been borne by Cargill. This Court agrees with Progressive that the technology packages were either necessary based on the nature of the litigation or saved printing and/or copying costs. Accordingly, Progressive may recover the $300 total spent on the technology packages.

## Fees for Witnesses (28 U.S.C. §1920(3))

Cargill argues that Progressive should not recover fees for witnesses that did not appear at trial. Progressive contends that it should recover those costs even if the witness did not testify "on the theory that the statute compensates readiness to testify." Here, the witnesses as issues were Progressive witnesses that Progressive chose not to call. This Court will not compensate Progressive for costs incurred to ready its own witnesses for trial when the avoidance of those expenses was within Progressive's control. Accordingly, Progressive may not recover the fees for the following witnesses: Pires, Koolhaas, Kooyman, Tilschner, Swanson, Migliazzo, and Reid.

Progressive also improperly seeks to recover fees paid to expert witnesses. As Cargill points out, expert witness fees in excess of $40 are not recoverable under 28 U.S.C. §1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("a federal court may tax expert witness fees in excess of the $40-per-day limit set out in §1821 only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command."). Accordingly, Progressive may only recover $40 for Lelewski, Robison, and Nantell.

///

///

**Fees for Exemplification and Copies (28 U.S.C. §1920(4))**

Cargill objects to Progressive's exemplification and copies fees on the following grounds: (A) undocumented charges should be denied; (B) charges for bates numbering are not taxable; (C) copy charges lack sufficient detail; (D) <u>Acme</u> case file and trial transcript are unnecessary; (E) trial graphics were unnecessary and cost excessive. The Court addresses each of Cargill's objections below.

**A.     Undocumented Charges**

As discussed more fully above, Progressive amended its Bill of Costs to include documentation not included in its original Bill of Costs. Progressive now submits invoices for each of its requested charges. Accordingly, Progressive may recover the costs supported by submitted invoices, unless this Court finds the charge unrecoverable on some other grounds.

As to the FedEx/Kinkos charge, Cargill objected that Progressive provided a copy of a check rather than an invoice. Progressive explains that the FedEx/Kinkos charge was to pay for the electronic scanning of documents produced in discovery. There is authority that electronic data and scanned data are considered "exemplification." *See El Dorado Irrigation Dist. v. Traylor Bros*., 2007 U.S. Dist. LEXIS 14440, *10 (E.D.Cal. 2007) (scanning is akin to photocopying. The purposes of the two methods are largely the same, to reproduce a document so that it may also be utilized by multiple parties and individuals.); *BDT Prods. v. Lexmark Int'l, Inc*., 405 F.3d 415, 420 (6th Cir. 2005) (electronic scanning and imaging could be interpreted as "exemplification and copies of papers."). Progressive provides an explanation of the invoice–case management was done electronically because of the volume of documents; scanning of documents was necessary to provide an adequate defense to the several motions and trial presentation. Accordingly, this costs is recoverable.

**B.     Bates Numbering**

The case law cited by each party demonstrates that courts are divided as to whether the costs associated with bates stamping are recoverable. Here, the invoice for bates numbering submitted by Progressive came from a copy firm hired by Cargill to bates stamp the documents Cargill intended to provide to Progressive in response to discovery. The invoice was then paid by Progressive. Because Cargill elected to require the bates stamping prior to producing the documents, the Court finds this to be a reasonable and recoverable expense incurred by Progressive.

9

**C.    Fine Print Copy Charges**

Cargill objects to seven invoices from a copy firm called "Fine Print." Cargill argues that the Fine Print invoices lack sufficient detail to demonstrate that the copies were necessarily obtained for use in the case. In response, Progressive provides sufficient detail as to each specific invoice. Accordingly, the Fine Print copy charges are recoverable.

**D.    Acme Charges**

This Court has ordered that the Acme case was relevant for the limited purpose to explain why the defendants and counterclaimants chose to leave Cargill. Issues that arose in Acme were ancillary to this matter. Progressive claims that review of the testimony in the Acme transcripts, including the testimony of one of the witnesses in this trial, was helpful in Progressive's defense. However, the charge requested covers the entire trial transcript, not just the testimony of the one witness. Progressive did not break down the charge and this Court will not speculate as to what percentage of the total cost requested was a required cost. Accordingly, the Acme charges are not recoverable.

**E.    Trial Graphics**

Progressive seeks to recover $23,942.54 for an invoice paid to Executive Presentations for "electronic trial presentation." Cargill argues that this cost is both unnecessary and excessive.

This Court agrees with Progressive that the preparation of demonstratives were necessary to the presentation of its case. Progressive properly used demonstratives explain to the jury what a feed formula looks like and bovine digestion to explain why they believed the ingredients were not a trade secret. Progressive also properly used demonstratives to show the differences in Cargill's and Progressive's business models and to explain the cast of characters involved in this litigation.

Cargill correctly points out that the cost of the demonstratives is excessive. The invoice submitted by Progressive includes unrecoverable costs, including consulting charges, internet research and development, after hours service, and federal express delivery. "[T]he cost of conducting research and analysis eventually reflected in the exhibit is not recoverable, [only] the cost of actually preparing the exhibit itself is recoverable." *Comm. Concerning Community Improvement v. City of Modesto*, 2007 U.S. Dist. LEXIS 94328 *13 (E.D. Cal. 2007). "Fees for exemplification...are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their

production." *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Cargill suggests this Court award a flat rate of $375 each for five demonstratives, or simply reduce the price of the award to a reasonable amount. In response, Progressive does not address Cargill's proposed reductions. Progressive simply argues that all costs are recoverable.

The Court finds that 10% of the requested cost is a reasonable expense for preparation of Progressive's five demonstratives, for a total of $2,394.25.

### Other Costs

Progressive seeks to recover $2,266.65 in other costs. Cargill argues that there is no category to allow "other costs;" however, this Court's local rule allows this Court to tax items "allowed by any statute or rule or by the Court in the interest of justice." Local Rule 54-292(f)(11). Here, Progressive seeks to recover the costs of courtesy copies sent to this Court, as required by this Court's order, and sent to Cargill. Progressive should recover costs ordered by this Court. Moreover, courtesy copies sent to Cargill avoided costs Cargill would have incurred otherwise. Accordingly, Progressive may recover these costs.

### Conclusion and Order

For the foregoing reasons, the Court ORDERS that Progressive's recoverable costs are as follows:

| | |
|---|---:|
| Fees for the Clerk | $ 0.00 |
| Fees for Service of summons and subpoena | $ 1,552.51 |
| Fees for court reporter | $ 70,286.84 |
| Fees for witnesses | $ 1,150.00 |
| Fees for exemplification | $ 41,359.92 |
| Docket Fees under 28 U.S.C. 1923 | $ 25.00 |
| Other costs | $ 2,266.65 |
| Total costs | $ 116,640.92 |

The total cost of $116,640.92 shall be APPORTIONED to allow Progressive to recover 70% of the total. Accordingly, **the total amount recoverable by Progressive from Cargill is $81,648.64.**

IT IS SO ORDERED.

**Dated:    December 4, 2008**            /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE